## CRAWFORD BURTON V. THE STATE.

### No. 410.    Decided March 14.

1. **Murder—Plea of Guilty—Agreement as to Evidence—Practice.**—On a trial for murder, where there was an agreement between the parties that defendant should plead guilty to murder of the second degree, and that no other evidence should be introduced but that of one witness (the sheriff), and the trial judge stated to the parties that he would not allow the plea to murder of the second degree, but if defendant pleaded guilty it must be to murder, leaving the question of the degree to be determined by the jury, after which, permitting defendant's plea of guilty to be entered, the court admonished defendant of the consequences of such plea and examined him as to the statutory requisites provided with regard to the plea of guilty (Code Crim. Proc., art. 518), *Held,* that the action of the court was correct and in conformity with our statutes regulating such proceedings.

2. **Same—New Trial—Newly Discovered Evidence.**—Where testimony is of such a character as that it must have been known to counsel for defendant before the trial, it is in no sense newly discovered evidence.

3. **Same—Evidence—Insanity.**—On a trial in a criminal case where defendant pleads guilty, the question of his sanity is an issue required to be shown before conviction can be had, and the evidence upon that issue should be introduced in connection with the entering of the plea of guilty.

4. **Same—Motion for New Trial—Insanity—Opinion Evidence.**—Affidavits as to the insanity of the defendant filed in support of the motion for a new trial which do not disclose any fact or circumstance tending to show insanity, nor any evidence upon which affiants predicate their belief or opinion as to defendant's insanity, are wholly insufficient.

APPEAL from the District Court of Marion.    Tried below before Hon. JOHN L. SHEPPARD.

Appellant was indicted for the murder of Matilda Allen, and at his trial was convicted of murder of the second degree, with his punishment assessed at twenty-five years' imprisonment in the penitentiary.

Defendant pleaded guilty. The only evidence introduced was that of J. M. De Ware, who testified: "I am sheriff of Marion County, Texas; was sheriff of said county on September 4, 1893. I knew Matilda Allen in her life-time. She is dead. She died from the effect of a pistol-shot wound in her head. I saw her body on the morning of September 5, 1893. It lay in the road, with the head to the east and feet to the west. The body was about two miles from Jefferson, and in Marion County, Texas. I found one wound on the body. It was a pistol-shot wound. The ball entered the head just to the left and about the left eye, and ranged downward and lodged under the skin below and behind the right ear. The defendant came to my house in Jefferson on the morning of September 5, 1893, and surrendered. He told me he had killed Matilda Allen, and told me where her body lay. He said he killed her between 10 and 11 o'clock the night before. He said he shot at a dog, and the woman got in the way and he shot

her by accident. I went to the place where he said the body lay and found her, and made the examination before testified to. The body was in Marion County, two miles from Jefferson."

Cross-examined: "The road ran east and west; the land sloped to the north; the ground on each side of the road is about six inches higher than the road. A fence runs along the south side of and about fifteen or twenty feet from the road. The ground at the fence is about eight feet higher than the road."

It is agreed that the foregoing contains a full and true statement of all the facts proven on the trial of the above numbered and .entitled cause.

Defendant's counsel filed a motion for new trial, the substance and effect of which was that they had made an agreement with the district attorney that defendant would plead guilty to murder of the second degree on condition that the State would introduce no other evidence than that of J. M. De Ware; that this was the only evidence introduced by the State or defendant; that after it was introduced the court, after admonishing defendant of the consequences of a plea of guilty, asked him (the defendant) a number of questions, among which was, "if he shot the woman he was charged to have murdered on purpose?" to which defendant answered, that "he did;" that the court thereby made the defendant a witness against himself; that defendant was weak-minded and scarcely able, if at all, to distinguish between right and wrong; that, relying upon the agreement with the district attorney as to the evidence in the case, defendant did not make his defenses or introduce his witnesses to testify in his behalf. In support of this motion for new trial, defendant's counsel filed their affidavit, and also the affidavit of Dr. T. H. Stallcup to the effect that he had as a physician treated defendant, and that from his acquaintance with and examination of defendant he believed him to be of unsound mind, and that defendant had been in that condition for eighteen months, if not for a longer period.

In connection with the motion for new trial, the trial judge filed the following affidavit, viz:

"Whereas the defendant's attorneys in the above styled and numbered cause have filed a motion for a new trial in said cause, in which they attack the conduct of the court by their affidavits, notwithstanding they never excepted to any act of the court, and tendering their bills for the approval or disapproval of the court; therefore, in the interest of justice and for the purpose of preserving the proper respect for the courts of this country, I hereby certify that I told the district attorney and the defendant's counsel that I would not allow a plea of murder in the second degree to be entered in favor of defendant; but that in the event he pleaded guilty he would be com-

pelled under the law to plead guilty to murder, and the jury would say of what degree of murder he was guilty. Whereupon the defendant entered his plea of guilty, and the State offered J. M. De Ware as a witness, who testified, that the defendant told him that he shot at a dog and killed the deceased. I then asked the defendant, 'Do you enter your plea of guilty voluntarily?' He said, 'Yes, sir.' 'Do you know and realize what you are doing?' He answered, 'Yes, sir.' 'Do you plead guilty without the hope of pardon, and without being persuaded to do so?' He answered, 'Yes, sir.' I explained to him the penalty in such cases, and for the purpose of satisfying myself as to whether I should allow or accept his plea of guilty, I asked the defendant, 'Did you kill the deceased purposely?' and he answered, 'Yes, sir.' The defendant answered all these questions with as much intelligence as any man in Texas could have answered them. The defendant has no appearance whatever of being insane, and in my opinion, after examining all the facts in this case, it would be a great wrong for me not to make an affidavit to these facts.

[Signed]        "JOHN L. SHEPPARD,
                "Judge Fifth Judicial District.

"Sworn to and subscribed before me this January 27, 1894.

[Signed]        "C. G. GRAHAM,
            "Clerk District Court Marion County, Texas."

No briefs have come to the hands of the Reporter.

DAVIDSON, JUDGE.—Appellant was indicted for murder. When the cause was called for trial he entered a plea of guilty. The jury found him guilty of murder in the second degree, and assessed his punishment at twenty-five years in the penitentiary.

There are no bills of exception incorporated in the record. Attached to the motion for a new trial are found the affidavits of defendant's counsel, to the effect that he (defendant) is of weak mind and scarcely responsible for his acts. These were supplemented by the affidavit of Dr. Stallcup, to the effect, that from an examination of defendant, as well as from his personal knowledge, he believed defendant to be of such weak mind as to render him irresponsible for his acts. It was also alleged, that an agreement had been entered into between the counsel in the case that the evidence of the sheriff alone should be used under the plea of guilty, and that this was violated by the court in asking defendant certain questions in relation to his plea of guilty. The affidavit of the judge is also found in the record, in which he certifies that he stated to counsel that he would not allow a plea of guilty to murder in the second degree to be entered in favor of defendant,

but in the event he pleaded guilty, that it would be to murder, and the jury would find the degree. With this understanding the plea was entered. The defendant was then admonished by the court as to the consequences, and questioned in regard to the statutory requirements provided for in this character of case. The court further states, that defendant answered "all questions with as much intelligence as any man in Texas could have answered them."

The court's action was in accord with the statute, and there was no other evidence adduced before the jury except that of the sheriff. But if there had been, the court had the authority to have it introduced to satisfy himself and the jury in regard to the facts. Code Crim. Proc., arts. 517–519. "If the defendant plead guilty he shall be admonished by the court of the consequences, and no such plea shall be received unless it plainly appear that he is sane, and is uninfluenced by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt." Id., art. 518; Willson's Crim. Stats., secs. 2111, 2112. The action of the court was in conformity to the above cited statute.

In regard to the facts set up bearing upon the question of sanity, we may observe that the testimony mentioned in the affidavits was known to counsel at the time of the trial, and is in no sense newly discovered. His sanity was required to be shown before his conviction could occur under the plea of guilty, and was necessarily an issue for the court under such plea. If he was insane, the evidence should have been introduced at the time of the plea bearing upon that issue. Again, the affidavits set up no fact or circumstance tending to show insanity, nor do they set out any evidence whatever upon which the affiants predicate their belief or opinion as to defendant's insanity.

As presented to us the record discloses no reason why the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*

Judges all present and concurring.