## Charles McLaughlin v. The State.

### No. 2958. Decided May 3, 1905.

**1.—Manslaughter—Statement of Facts—Diligence.**

Where the statement of facts was not approved by the trial judge, and it appeared from the affidavit of appellant's counsel that the judge was ill at the time the statement of facts was prepared, but such affidavit failed to show when the statement of facts was prepared, when the judge was taken sick, how long he was ill and whether or not any effort was made to locate him during the twenty days in which appellant had a right to file the statement of facts, the diligence is totally insufficient to warrant a consideration of said purported statement of facts.

**2.—Same—Judge Absenting Himself From Bench—Unsworn Contest.**

Where it appeared from the affidavit of appellant's counsel that the trial judge had absented himself for three or five minutes from the court room during the trial of appellant for felony and had lost control of the trial, and this issue was not controverted by counter affidavit by the State's counsel, there was no other alternative than a reversal of the case.

Appeal from the District Court of Matagorda. Tried below before Hon. Wells Thompson.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—Scott v. State, 12 Texas Ct. Rep., 664.

BROOKS, Judge.—Appellant was convicted of manslaughter, and his punishment fixed at two years confinement in the penitentiary.

What purports to be a statement of facts is not approved by the trial judge, although agreed to by counsel. There is an affidavit of J. W. Conger, Esq. (appellant's counsel), wherein he attempts to show it was not the fault of appellant that the trial judge did not approve the statement. It appears from said affidavit that the trial judge, Hon. Wells Thompson, was not on the bench at the time he desired him to approve the statement of facts, that he was sick and his whereabouts unknown. The affidavit does not show any diligence to secure the approval of Judge Thompson. The court convened January 16, 1905, and adjourned on February 4th. The motion for new trial was overruled February 1st. Appellant was granted twenty days in which to file statement of facts and bill of exceptions. The affidavit of appellant's counsel fails to show when the statement was prepared, when the judge was taken sick, how long he was sick, whether or not any effort was made to locate the whereabouts of the judge, what effort was made to locate him during the twenty days. This being true, the diligence

is totally insufficient to warrant a consideration of said purported statement of facts.

In the absence of the facts, we only deem it necessary to consider that ground of the motion for new trial, wherein appellant complains that the judge absented himself from the bench during the progress of the trial. W. M. Holland, Esq., one of appellant's counsel, filed an affidavit stating, in substance, that during the opening argument of F. J. Styles, district attorney, for the State, affiant suggested to his associate counsel, J. W. Conger, Esq., that it would be necessary for him (affiant) to retire a moment from the court room; that affiant did retire from the court room, going downstairs, and out of the courthouse yard a distance of some 75 or 100 feet from the courthouse building, at which point he met and came in contact with Hon. Wells Thompson, the trial judge in this case; that affiant states to the best of his knowledge and belief the trial judge was absent from the court room and out of hearing distance of the argument of counsel, and entirely out of view of the court room for a period of some three to five minutes. We find in the record a contest filed by the district attorney to the motion for new trial, in which the statement is made that if the trial judge absented himself from the court room during the argument in said cause, it was only momentary, while said judge was at the urinal, a short distance from the court room, in sight and hearing of the people in the court room, and no injury could have been done defendant, because there was no objection to any proceeding during said momentary absence of the judge. This contest is not sworn to by the district attorney, nor is there any evidence in the record supporting it. Then we are relegated to the undisputed affidavit of appellant's counsel. We do not think the facts set up in the affidavit of appellant's counsel, the substance of which is stated above, authorizes this court to say that this case comes within the rule laid down in Jeff Scott v. State, 12 Texas Ct. Rep., 664; but in our opinion the facts come within the rule laid down in Bateson v. State, 80 S. W. Rep., 88. We there held that where the judge had lost control of the trial, as the uncontroverted affidavit shows, it would be ground for reversal. There being no controverting affidavit we have no alternative except to reverse this case, which is accordingly done.

*Reversed and remanded.*