## John Pickett v. The State.

### No. 3989.   Decided April 28, 1909.

**Rape—Misconduct of Jury—Allusion to Defendant's Failure to Testify.**

Where upon a conviction of rape, the defendant in his motion for new trial attached thereto the affidavit of a juror that allusions to defendant's failure to

testify were referred to and discussed by the jury during the consideration of the case and before a verdict was reached, but did not state any particular fact that was mentioned by any juror or in what connection the same was made; and defendant's motion requested that the jurors be summoned and the matter inquired into; and the district attorney filed a written denial of defendant's motion; it will be presumed in the absence of a bill of exceptions or anything to the contrary that the matter was inquired into and that the facts in the motion were found to be untrue.—Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Bell. Tried below before the Hon. John M. Furman.

Appeal from a conviction of rape; penalty, five years confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Bell County on a charge of rape, and his punishment assessed at five years confinement in the penitentiary.

The record comes to us without a statement of facts or bill of exceptions. Appellant seeks a reversal, as he sought a new trial, on the ground, as stated by him, "that he has not had a fair and impartial trial in this cause on account of the misconduct of the jury which rendered the verdict in this case against him, in this, that after retiring to consider their verdict and in consideration of the case against this defendant, the jury alluded to, mentioned, commented upon and discussed the fact that this defendant failed to take the stand and testify in his own behalf on the trial of this case, and considered such failure to testify as a circumstance against him to the injury of this defendant. The defendant says that he does not know and is unable to state the extent of the discussion of the fact that he refused to testify in his own behalf in the amount of consideration given it by the jury, except as appears from the affidavits of W. N. Kelly and members of said jury." The affidavit of appellant was attached to the motion. The motion concludes with the following prayer: "Wherefore the defendant prays that the jurors be subpoenaed to testify concerning the said matter on hearing of this motion and that defendant be granted a new trial in this case." The affidavit of the juror Kelly was to the effect "that the defendant did not take the stand and testify in his own behalf on the trial of said cause; and that the fact of his failure to testify on said trial was referred to, mentioned and discussed by a number of the jury during their consideration of this case and before their verdict was reached; that I am unable to recall what member of the jury mentioned the fact of defendant's failure to testify in his own behalf, or to state what jurors spoke

of it; but I am positive that the fact of defendant's failure to testify was mentioned and discussed among the jurors in their consideration of the case." This motion was filed on the 28th day of December, 1908. The allegations contained in this motion were denied by the district attorney as follows: "Now comes the district attorney and denies the allegations set up by the defendant, John Pickett, in his motion for a new trial herein and says the said allegations are not true in whole or in part, and demands strict proof thereof. Wherefore he asks judgment, and that said motion be denied and refused, and he will ever pray. D. R. Pendleton, District Attorney, 27th Judicial District of Texas."

1. It will be noticed that the affidavit attached to the motion is in very general terms, does not state any particular fact that was mentioned by any juror, the name of any juror discussing the failure of appellant to testify, or when or in what connection the matter was mentioned, if at all. It may well be doubted whether in view of the very general statement of this juror the court would in any event have been required to grant a new trial. We have not infrequently decided that it is not every reference or casual allusion by the jury to the failure of a defendant to testify that would require the court to grant a new trial. See Smith v. State, 52 Texas Crim. Rep., 344, 106 S. W. Rep., 1161, and Arnwine v. State, 54 Texas Crim. Rep., 213, 114 S. W. Rep., 796, where this subject is fully discussed. In any event, however, it is certain that, as here presented, we would not be authorized to reverse the judgment for the error alleged. In appellant's motion he makes the issue that he was deprived of a fair trial by reason of certain facts therein stated, in support of which motion he attaches the affidavit of the juror Kelly. This motion and the grounds thereof are denied by the district attorney in his official capacity and under the sanction and solemnity of his official oath. It will be noted further that appellant's counsel requested that the jurors be summoned and the matter inquired into. Here the matter rests. It is to be presumed that if urged, this matter would have been inquired into. In the absence of a bill of exception or anything to the contrary, it is to be assumed that it was inquired into, and that the facts alleged in the motion were demonstrated to be untrue. Article 821 of the Code of Criminal Procedure, referring to motions for a new trial, is as follows: "The State may take issue with the defendant upon the truth of the causes set forth in the motion for a new trial, and in such case the judge shall hear evidence by affidavit or otherwise, and determine the issue." And it has been held in many cases that counter-affidavits are receivable on motion for new trial. Dignowitty v. State, 17 Texas, 521; Hyde v. State, 16 Texas, 445; Reynolds v. State, 7 Texas Crim. App., 516. It has also been held in many cases that under the terms of this statute, by affidavit or otherwise, the court is authorized to receive oral proof. Childs v. State, 10

Texas Crim. App., 183; Reynolds v. State, 7 Texas Crim. App., 516; Rucker v. State, 7 Texas Crim. App., 549; Wilson v. State, 17 Texas Crim. App., 525; Richardson v. State, 28 Texas Crim. App., 216; Ulrich v. State, 30 Texas Crim. App., 61. While it is doubtless true that in the absence of any contest, that if the affidavit of the juror in its language had been sufficient that the court should grant a new trial, it does not occur to us that the mere fact that appellant files a motion of this sort, that notwithstanding the denial under oath of the district attorney, he is, in the absence of further showing, entitled to a new trial, and certainly it is not true that where, as in this case, he seeks and asks for an investigation, that he is on the mere charge entitled to a reversal in the absence of any showing by bill of exceptions or otherwise of any injustice or injury done him. In the absence of statement of facts this is the only question we can review, and as we have stated, it seems to be without merit. It is therefore ordered that the judgment be and the same is hereby in all things affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I respectfully dissent from the disposition made of this case by my brethren. There was but one question presented for revision, the record being without a statement of facts and bills of exception. Appellant filed his affidavit, which is part of the motion for a new trial, in which he states that the jury alluded to, mentioned, commented upon and discussed the fact that he failed to take the stand and testify in his own behalf during the trial and that the jury considered such failure on his part to testify as a circumstance against him. The district attorney files a reply to this in the following language, but to which he did not swear: "Now comes the district attorney and denies the allegations set up by the defendant, John Pickett, in his motion for a new trial herein and says the said allegations are not true in whole or in part, and demands strict proof thereof. Wherefore he asks judgment, and that said motion be denied and refused, and he will ever pray. D. R. Pendleton, District Attorney." In support of his motion appellant filed the affidavit of W. N. Kelly, one of the jurors who tried and convicted him, in which it is stated: "That the defendant did not take the stand and testify in his own behalf on the trial of said cause; and that the fact of his failure to testify on said trial was referred to, mentioned and discussed by a number of the jury during their consideration of this case and before their verdict was reached," etc. My brethren say this is not sufficient showing to consider the question of the discussion of appellant's failure to testify and is too general, and they indulge the further presumption that the court inquired into the matter and heard the evidence. There is nothing in the record, as I understand it, to sustain the conclusion that the court heard

any evidence further than stated above. The judgment overruling the motion for new trial does not even recite the fact that evidence was heard. It does state that the case came on to be heard on the motion and amended motion of appellant and "was duly considered by the court and is in all things overruled." The main opinion treats the general denial on the part of the district attorney as if it were an affidavit denying all the facts and places it upon the same plane, as a question of evidence, as they do the affidavit of the juror Kelly. The district attorney does not allege or state in his general denial that he knew any fact or was cognizant of anything that occurred in the jury room. He simply denied as district attorney the truthfulness of the facts set up in appellant's affidavit attached to his motion for new trial and calls for the facts. The district attorney, of course, was unaware of what occurred in the jury room and necessarily could not know or be informed as to what was said and done except from others. It certainly is a dangerous precedent to establish, to wit: that a general demurrer or general denial of the district attorney has all the force and effect of being testimony at all, and it would still be more dangerous to hold that it would be testimony of such gravity as to overcome the sworn statement of jurors who participated in the occurrences to which they testify. The statute authorizes the court to hear evidence on motions for new trial "by affidavit or otherwise." The record in this case shows that the only testimony introduced or heard was the affidavit of the juror Kelly and he stands uncontradicted and unimpeached that the jury "referred to, mentioned and discussed the failure of the appellant to testify and this before their verdict was reached." This does not come within the doctrine held by this court that it was a "mere allusion" to the defendant's failure to testify. It has not been laid down heretofore that the simple statement of a district attorney in the form of a general denial was testimony or the equivalent to testimony. We find this question mentioned in McLaughlin v. State, 48 Texas Crim. Rep., 215, in the following language:

"We find in the record a contest filed by the district attorney to the motion for new trial, in which the statement is made that, if the trial judge absented himself from the courtroom during the argument in said cause, it was only momentary, while said judge was at the urinal, a short distance from the courtroom, in sight and hearing of the people in the courtroom, and no injury could have been done defendant, because there was no objection to any proceeding during said momentary absence of the judge. This contest is not sworn to by the district attorney, nor is there any evidence in the record supporting it. Then we are relegated to the undisputed affidavit of appellant's counsel. We do not think the facts set up in the affidavit of appellant's counsel, the substance of which is stated above, authorizes this court to say that this case comes within the rule laid down in Jeff Scott v.

State, 47 Texas Crim. Rep., 568; 12 Texas Ct. Rep., 664; but in our opinion the facts come within the rule laid down in Bateson v. State, 46 Texas Crim. Rep., 34; 80 S. W. Rep., 88. We there held that, where the judge had lost control of the trial, as the uncontroverted affidavit shows, it would be ground for reversal. There being no controverting affidavit, we have no alternative, except to reverse this case, which is accordingly done." This quotation lays down, in my judgment, the correct rule. Applying the principle enunciated in the McLaughlin case to this, we have the affidavit of the defendant himself as to his information that the jury referred to, mentioned and discussed his failure to testify, before they reached the verdict; we have an unsworn general denial of the district attorney calling for proof, and only calling for such proof. This is met by the uncontroverted affidavit of the juror Kelly, who emphatically swears that they referred to, mentioned and discussed the failure of appellant to testify, before the jury had arrived at a verdict. Under the McLaughlin case the showing was sufficient, and, being uncontroverted, the evidence was ample to sustain appellant's ground of his motion for new trial. If the language of the juror Kelly means anything, it shows that appellant's failure to testify was not casually alluded to, nor was it a "mere allusion" to his failure to testify, but that such failure to testify "was referred to, mentioned and discussed by the jury before arriving at their verdict." Under all the decisions, so far as I am aware in this State, this judgment should be reversed on account of the ground set up in the motion. .

For the reasons above indicated I most respectfully enter my dissent from the affirmance of the judgment in this case.