### R. L. Taylor v. The State.

No. 4771.   Decided February 20, 1918.

Rehearing denied February 16, 1921.

1.—Assault to Murder—Plea of Guilty—Written Plea of Insanity—Burden of Proof.

Where, upon trial of asault with intent to murder, the defendant pleaded guilty in person and was duly admonished and warned as to such plea at the time, and the judgment recited that the defendant was sane when making such plea, the contention of appellant that the attorneys of defendant had at the same time filed a written plea that defendant was insane at the time of the commission of the offense and filed motion for new trial, but there was no showing in the record that this was known to the trial court, or ever presented to him, and no evidence was introduced as to such written plea of insanity, the contention that said written plea shifted the burden of proof from the defendant to the State, to show that he was sane at the time of the commission of the offense, is untenable, and there is no reversible error.

2.—Same—Rule Stated—Sanity of Defendant—Plea of Guilty—Practice in Trial Court.

Where defendant pleads guilty in a felony case, the court must warn him, etc., and be satisfied that he is sane at the time the plea is so entered, and this is a question for the court, and this must be entered of record in connection with the plea of guilty, and where in the instant case the defendant pleaded guilty, which plea was duly accepted as the law directs, and the trial court had no knowledge of a written plea filed by defendant's attorneys, alleging that at the time of the commission of the offense defendant was insane, and there was no proof of such fact during the trial, and this question was not raised until the filing of the motion for new trial, the same was properly overruled; and there being no bill of exceptions filed within time, the statement of facts thereon could not be considered on appeal. Following Reyes v. State, 81 Texas Crim. Rep., 588.

3.—Same—Continuance—Second Application—Conclusion of Witness.

Where defendant's second application for continuance showed that the testimony referred to defendant's insanity, without setting out the facts thereof, and was simply conclusions, and besides, the application did not comply with the requirements of the statutes, the same was correctly overruled. Following Burton v. State, 33 Texas Crim. Rep., 138; besides, no affidavit of the alleged absent witness was attached to the motion for new trial.

**4.—Same—Rehearing—Defendant's Failure to Testify—Misconduct of Jury.**

Where it was not shown what was said in the jury room, or that any remark or statement was made which could lead this court to presume that defendant's failure to testify was taken by the jury as any circumstance against him, there was no error in overruling this ground of the motion. Following Cooper v. State, 72 Texas Crim. Rep., 266.

**5.—Same—Continuance—Plea of Guilty—Immaterial Testimony.**

Our statutes, Article 566, C. C. P., requires that in all felony cases upon plea of guilty, if the punishment is not absolutely fixed, and beyond the discretion of the jury to graduate, the jury should be empanelled to assess the punishment and evidence should be submitted to enable them to decide thereupon; and where the purpose of the absent testimony as set forth in said application for continuance could not affect the punishment, but if admissible was only so on the issue of lack of guilt, the same was properly overruled.

**6.—Same—Conclusion of Witness—Continuance.**

Where no facts are set out in the application for continuance to which the absent witness, if present, would testify, the statement that she would testify that defendant appeared to be insane and his mental condition disturbed was but a conclusion, and was inadmissible. Following Davis v. State, 69 S. W. Rep., 73; witness being a non-expert on insanity.

**7.—Same—Second Application for Continuance.**

Where, it appeared from the record that alleged absent testimony could have been obtained from another source than that of the absent witness, defendant's second application for continuance was correctly overruled; besides, it was unlikely that the absent witness would have testified as claimed, or that such testimony would not have probably been true.

**8.—Same—Insanity—Plea of Guilty—Requested Charge—Charge of Court.**

Where, upon motion for rehearing, appellant excepted to the court's charge because it did not submit the question of insanity to the jury, and refused his special instructions thereon, for acquittal, on the ground that the State had not proved defendant sane when the crime was committed, and that the burden was upon the State to prove defendant's sanity at such time, because of defendant's written plea of insanity filed when he pleaded guilty, but there was no evidence upon trial that appellant was insane when the crime was committed, there was no reversible error.

**9.—Same—Plea of Guilty—Insanity—Question for Court—Sanity of Defendant.**

Inquiry as to the insanity of one accused of crime may be made in a proper case and manner at any time, but our statutes only make it necessary that in a plea of guilty it must plainly appear to the court that the accused is sane and not influenced, etc., and this is a question for the court and relates solely to the mental condition of the accused when making his plea, and not to such condition when the offense was committed. Following Sanders v. State, 18 Texas Crim. App., 372, and other cases.

**10.—Same—Case Stated—Insanity—Plea of Guilty—Practice in Trial Court.**

It being beyond question that there was no evidence before the trial court of defendant's insanity at the time the offense was committed, and that the judgment entered of his plea of guilty is in accord with the law and

recites the sanity of the defendant at the time of pleading guilty, there was no error in the refusal of the court to submit defendant's requested charges on the issue of insanity, because there was a written plea of insanity on file at the time of the trial but which was not called to the attention of the court or the district attorney. Qualifying Harris v. State, 76 Texas Crim. Rep., 126.

**11.—Same—Practice in Trial Court—Rule Stated—Plea of Guilty—Insanity.**

The correct procedure, under the statute, requiring the facts to be produced upon a plea of guilty, is that if the issue of insanity be suggested in such case it would at once become the duty of the trial court upon a hearing of a plea of guilty to have the plea of guilty withdrawn and a plea of not guilty entered upon behalf of the accused, and this court would reverse if opportunity was refused defendant to withdraw his plea of guilty and have all the issues passed upon by the jury. Following Alexander v. State, 69 Texas Crim. Rep., 23.

**12.—Same—Motion for New Trial—Plea of Guilty—Bill of Exceptions—Insanity.**

Where defendant's written plea of insanity filed by his attorneys was not called to the attention of the trial court at the time of his plea of guilty before the verdict was rendered, and a bill of exceptions did not bear any certificate of the court, or by any direct statement of the bill, state that the written plea was presented to the court at any time during the trial, and the motion for new trial insisting that it was so presented was overruled by the court after hearing the facts thereon, this court, in the absence of such facts, will not review the rulings of the trial court; besides it appeared from the record that there was no evidence introduced upon the trial raising the question of insanity.

Appeal from the District Court of Jones. Tried below before the Honorable John B. Thomas.

Appeal from a conviction of assault with intent to murder; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Jas. P. Stinson,* and *E. T. Brooks,* for appellant.—On question of misconduct of jury: Walling v. State, 59 Texas Crim. Rep., 279; Boozer v. State, 198 S. W. Rep., 295.

On question of insanity: Cited Sanders v. State, 18 Texas Crim. App., 372.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of an assault with intent to kill his wife and his punishment assessed at six years in the penitentiary.

Appellant and his wife had been married for about four years. Early in March, 1917, she left and quit him, it seems the second time. She swore that he cursed and abused her and threatened to kill her and told her that "she wasn't decent enough for white folks to live with," which was the immediate cause of her quitting and leaving

him.  She went to her mother's.  Appellant blamed her mother and her
brother, with whom her mother lived, for her quitting him.  He sought
to have an interview with her to try to induce her to return and live
with him, and had one of his brothers-in-law to see her for that pur-
pose.  She not only declined to return to him, but also declined to see
him and talk the matter over with him.  When this was reported to
him he said, "She will be damned sorry of it."  He made threats against
her kin folks, and it seems especially against her mother and one of her
brothers.

The uncontradicted testimony shows that on March 26, 1917, he
armed himself with a double-barrelled shotgun, waited until in the
night and slipped up to a window of the house where his wife was
sitting and attempted to assassinate her.  He shot her through the
window, making what the doctor says was a very "extensive, ragged
gunshot wound" and place large enough to almost put the hand into
in her side and back.  Her brother then went out of the house to try
to catch him and run him off and prevent him shooting his sister again.
He thereupon shot at her brother twice and then ran off and made his
escape from her brother but was found later that night and arrested.

He was indicted May 29, 1917.  The cause was set for trial on June
13th.  On that date, on his application, the case was continued until
June 20th.  On June 20th, when the case was again called for trial he
filed a second application for a continuance, which was overruled.  The
jury was thereupon duly selected and sworn and he was then duly ar-
raigned.  When called upon to plead, he pleaded guilty.  The court
fully complied with the statute regulating that subject (arts 565 & 6).
The judgment of the court states that when the defendant in person
pleaded guilty, "Thereupon the said defendant was admonished by the
court of the consequences of said plea, and the said defendant per-
sisted in pleading guilty; and it plainly appearing to the court that
the said defendant is sane, and that he is uninfluenced in making said
plea by any consideration of fear, or by any persuasion, or delusive
hope of pardon prompting him to confess his guilt, the said plea of
guilty is by the court received and here now entered of record upon
the minutes of the court as the plea herein of said defendant."  And
thereupon the trial proceeded before a jury with the result as stated.

The record shows that at sometime after this his attorneys filed a
written plea which says: "Now comes the defendant R. L. Taylor by
his attorneys and files in this behalf his plea of guilty herein, and in
this connection further pleads that at the time of the commission of
said offense the said defendant R. L. Taylor was insane and was not
mentally capable of knowing the nature and quality of the acts com-
mitted by him."  This is not signed by appellant but signed by his at-
torneys alone.

The record further shows that said written plea was not called to
the attention of the court nor to that of the State's attorney and neither
the court nor the State's attorney knew that said written plea had been

filed, and that it was never presented or called to the attention of the jury.

It will be noted that even this plea filed in this way by his attorneys made no claim or intimation that he was then insane but solely it claimed that he was insane on March 26th., when he shot, attempted and intended to kill his wife—quite a different thing.

Appellant contends that because of the filing of said written plea by his attorneys that that shifted the burden of proof from him to the State to show he was sane at the time he shot and tried to kill his wife, and as the State did not affirmatively prove that he was sane at that time that he was entitled to an acquittal, and because the court refused to grant him a new trial on that ground that he is entitled to a reversal. Of course, if he had been insane at the time he shot his wife and had proved it to the satisfaction of the jury on the trial then in law he would not have been guilty of assault with intent to kill his wife, and would have been entitled to an acquittal but the record shows that he introduced no proof whatever to establish his insanity at that time or at any other time. It is so well settled by the very many decisions of this court, that when an accused seeks an acquittal because of insanity at the time he committed the offense, the law presumes he was sane and imposes upon him the burden of showing that he was insane, and does not require the State to prove under any such circumstances that he was sane, that it is unnecessary to cite these decisions.

This is quite a different thing from that presented to the judge when an accused, arraigned for trial, wants to plead guilty. When that question is presented to the trial judge the law requires *him* to then and there satisfy *himself* that the accused is then sane and requires him to admonish the accused of the consequences of his plea of guilty and prohibits him from accepting such plea unless it plainly appears to him, the judge, that he is then sane and that he is uninfluenced in making such plea by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him to confess his guilt. As shown, all this was thoroughly and completely done before the judge would receive the plea. Such matter is not to be, under any circumstances, submitted to the jury for it to determine these questions, but to the judge solely. No issue is made which a jury could try until either a plea of not guilty or a plea of guilty is made by the accused and entered by the court.

In Coleman v. State, 35 Texas Crim. Rep., 406, in discussing when an accused attempts to plead guilty the court must warn him, etc., and be satisfied that he is sane, through Judge DAVIDSON, this court held: "In our opinion, however, this is a matter which must be presented to the court, and the court must make its findings thereon, and this must be entered of record in connection with the plea of guilty. These prerequisites to the validity of the plea, and the acceptance thereof by the court, are indispensable, and must be made manifest of record. They cannot be supplied by inference, intendment or presumption. See

Code Crim. Proc., Arts. 518, 519, 538; Saunders v. State, 10 Texas Crim. App., 336; Wallace v. State, id., 407; Frosh v. State, 11 Texas Crim. App., 280; Sanders v. State, 18 Texas Crim. App., 372." In this case, as shown, all these matters were expressly found and entered of record by the judge, in the judgment of the court quoted above.

In Burton v. State, 33 Texas Crim. Rep., 138, appellant thereunder was indicted for murder, convicted of murder in the second degree and his punishment assessed at twenty-five years in the penitentiary. In that case it was shown that appellant had agreed with the district attorney to plead guilty of murder in the second degree on condition that the State would introduce no evidence other than that of the sheriff. When this was called to the attention of the court, the court refused to permit the plea under such conditions, but stated he would admit the plea of guilty to the charge of murder and that the jury should determine whether it was first or second degree, and the punishment to be inflicted. The judgment was attacked by affidavits to the effect that the defendant therein was of weak mind and scarcely responsible for his acts; and by the affidavit of a doctor to the effect that from an examination of defendant, as well as his personal knowledge, he believed him to be of such weak mind as to render him irresponsible for his act, and sought a new trial and reversal on that sort of showing. The trial judge therein made an affidavit to the effect that before he received the plea of guilty he explained the result of such plea to him and properly admonished him and satisfied himself from an examination of the defendant alone at the time that he was sane and was making the plea of guilty from no influence of fear or persuasion or hope of pardon. The judgment therein as to these matters was exactly the same as it is in this case. This court through Judge DAVIDSON, in that case held that the court's action was in accordance with the statute and sustained the conviction. See also Miller v. State, 58 Texas Crim. Rep., 600; Doans v. State, 36 Texas Crim. Rep., 468; Evers v. State, 32 Texas Crim. Rep., 283, and other cases.

In his brief appellant states that the grounds upon which he asks a reversal are stated in his motion for new trial and that his main reliance is on that motion. The State filed in writing a contest of each and every ground of said motion. One ground of the motion was that the court erred in receiving appellant's plea of guilty and at the same time receiving his plea of insanity filed herein. In contest and denial of that ground the State specifically alleged "that when the indictment was read that defendant's counsel and himself in person both stated that it was his desire to plead guilty and that after the court had admonished defendant of his rights and of the consequences if he should enter such plea, the defendant still persisted on entering a plea of guilty, which was done in due form and as required by law," and further "that although the defendant, by his attorneys, thereafter filed a written plea with the clerk of this court stating that he would plead

guilty and further plead that at the time of the commission of said offense the said defendant was insane, that said written plea was not called to the attention of the court nor to the State's attorneys, and that neither the court nor the State's attorneys knew that said written plea had been filed in this cause . . . and that same was never presented or called to the attention of the jury."

The record and judgment of the court showed that when that motion for new trial was presented to him on that, and all the other grounds he heard evidence thereon and after hearing the evidence overruled the motion. What evidence was heard by the court is not disclosed by the record. And this Court must presume, and has always presumed, that under such circumstances the evidence clearly justified and authorized the judge to so hold. The term of court at which .appellant was tried adjourned July 6th. There is no statement of facts purporting to give the testimony or any of it that was heard by the court in acting on this motion for new trial. And none anywhere in the record which shows what testimony the court heard when appellant pleaded guilty and when the court acted thereon and received said plea. The conclusions and findings of the court at the time he received said plea is quoted above and contained in the order and judgment of the court receiving said plea. Appellant's bill to the overruling of his motion for new trial was not filed in the court below until August 29th, nearly two months after the court had adjourned. (Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 533 where a great number of other cases are collated.)

One ground of the motion for new trial, and this is shown by a bill also, was the action of the court in overruling his application for a continuance and is complained of.

The allegations of appellant seeking a continuance was to the effect that two days after the indictment was filed he procured a subpœna for his sister Mrs. John Goff and her husband John Goff who lived in Sweetwater in Nolan County, requiring them to appear as witnesses at Anson in Jones County (where the case was to be tried) on June 4, 1917, and that subpœna was properly served on said two witnesses on June 2nd. Whether either or both of them then attended the court in obedience to that subpœna is not shown. Presumably they did not. No other subpœna was issued or served upon her to appear at any other time, nor is it averred that she was even notified to appear at any other time. In his second application for a continuance on account of the absence of his sister, Mrs. Goff, who, he alleged, was sick, he alleged that he expected to prove by her in substance that she was reared with him and had occasion to observe his mental condition from his childhood up and that up to about a year before the time he shot his wife, his mind appeared to be good and he appeared to be sane; that since said time, and just only a day or two before he shot his wife, she had occasion to observe him and he appeared at that time to be insane, and his mental condition in an unusually disturbed condition, which

condition had existed several months previous to that occasion. That that occasion when she saw him was when he was on a visit to her in her home in Nolan County. In the State's contest of this ground of appellant's motion and his said second application for a continuance the State contended that the court's action was correct because the facts are not set out in the application to what the witness, his sister, Mrs. Goff would have testified, it being stated in substance only that she would testify that defendant at the time appeared to be insane, etc. That this testimony by her would not have been admissible because it is not set out in said motion any acts, conduct or conversations of the defendant which were known to the witness which would give her the right to testify to her conclusions as stated in said motion. (Burton v. State, 33 Texas Crim. Rep., 138.)

The case was tried on June 20th. The amended motion for new trial was not filed until July 3rd. It was heard by the judge on July 5th. No affidavit whatever by said witness is attached or made a part of the said motion or the record in any way that Mrs. Goff would even have testified what it is alleged she would in the way of her conclusions, nor is there any affidavit whatever from her detailing any of the acts, conduct or conversations of the appellant which would authorize her to express any opinion as to his insanity. Besides this, the statement of facts shows that many witnesses testified who had known him, some of them all of his life, others for many years, none of them for less than several years. Appellant did not attempt to make any proof by any of these witnesses that he was ever insane at any time or place. The whole of their testimony, where it bore on the subject at all, would show that he was sane and not insane. Nor did appellant attempt to introduce on the trial any other witness or witnesses to testify to his claimed insanity at any time. The record further indicates that his sister, Mrs. Goff, had no opportunity, or the slightest, if any, to see or be with him so as to testify at all that he was insane at the time he shot and attempted to kill his wife. Upon the whole, the record in no way shows reversible error because of the court's refusal to continue the case on his second application.

Appellant tried the case on the theory that because he had filed said written plea by his attorneys alone averring that he was insane at the time of the commission of the offense that shifted the burden of proof from him to the State to show that he was sane when he shot his wife, and his special charges were asked and his objections to the court's charge were predicated on that idea. As no evidence was introduced to show he was insane when he committed the offense, the court was not called upon to submit any such issue, and did not err in not submitting such an issue. This was an erroneous theory on his part and the refusal of his charges for a peremptory instruction to acquit presents no error.

The case of Harris v. State, 76 Texas Crim. Rep., 126, 172 S. W. Rep., 975, cited and relied upon by appellant we think is wholly inap-

plicable. In that case, it is true appellant pleaded guilty but when the case was tried he introduced much testimony tending to show, if he did not show directly, that he was insane at the time he killed deceased therein. The court therein not only declined to submit the question of his sanity at the time he killed deceased, but on the contrary, notwithstanding all the testimony tending to show it, he peremptorily charged the jury that the appellant was sane. That was correctly held erroneous under the circumstances of that case.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 16, 1921.

LATTIMORE, JUDGE.—This case was affirmed in an original opinion by PRENDERGAST, Judge, handed down in February, 1918, and is before the court at this time upon appellant's motion for rehearing, setting up various grounds which will be noticed.

It is contended that the court erred in not passing on and reversing the case in its original opinion upon the ground that there was misconduct of the jury in discussing appellant's failure to testify. The matter is set forth in the seventh ground of appellant's motion for new trial in which the affidavit of one of the jurors appears and is made a part of the statement. Reference to said affidavit discloses that it is alleged therein that while in their retirement several jurors referred to appellant's failure to testify, and questions were asked as to why he did not do so. Appellant pleaded guilty, thereby admitting all of the facts necessary to the conclusion of his guilt. It is not shown what was said in the jury room or that any remark or statement was made which could lead this court to presume that the failure to testify was taken by the jury as any circumstances against appellant. The juror making the affidavit said he considered the appellant insane. There was no error in overruling this ground of said motion. Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939; Howard v. State, 76 Texas Crim. Rep., 297, 174 S. W. Rep., 607; Rhodes v. State, 69 Texas Crim. Rep., 45, 153 S. W. Rep., 128; Cooper v. State, 72 Texas Crim. Rep., 266.

It is also insisted that the former opinion of this Court was erroneous in holding that the trial court properly overruled appellant's application for a continuance. Our statutes, Article 566 C. C. P., require that in all felony cases upon plea of guilty, if the punishment is not absolutely fixed and beyond the discretion of a jury to graduate, a jury shall be impanelled "To *assess the punishment, and evidence shall be submitted to enable them to decide thereupon.*" The purpose of the absent testimony as set forth in said application, not being to affect the punish-

ment, but being admissible, if at all, solely on the issue of lack of guilt, the appellant is in no position to complain of the overruling of the application for a continuance. Also, this was a second application, and in addition to setting out the facts to which the absent witness would testify, if present, same must appear to be both admissible and material. It must further be shown that such testimony cannot be procured from any other source known to the appellant. Following is the testimony expected from said absent witness, as set out in the application: "That she is a sister of the defendant, R. L. Taylor; that she was reared with him, and has had occasion to observe the mental condition of the defendant from his childhood up, and that up to about something like twelve months ago that the defendant's mind appeared to be good, in other words he appeared to be sane, that since said time she has had frequent occasions to observe the defendant and will testify that she had occasion to observe him only a day or two before the commission of the offense charged in the indictment, and that he appeared at that time to be insane, and his mental condition in an unusual disturbed condition, and that said condition had existed for several months previous to that occasion, and that on said occasion defendant was at her house and visited her home in Nolan County, Texas, at which time she observed the condition of the mind of the defendant at hereinbefore stated."

For the purpose of this opinion we notice only that part of the statement relating to appellant's condition for some months prior to the alleged killing. It is stated in said application that the absent witness had occasion to observe appellant a day or two before the commission of the offense and that "he appeared at that time to be insane, and his mental condition in an unusual disturbed condition, and that said condition had existed for several months previous to that occasion," said occasion being a visit made by appellant to the home of the witness in Nolan County, Texas. No facts are set out in the application to which the absent witness, if present, would testify. The statement that she would testify, "that he appeared to be insane and his mental condition disturbed," is but a conclusion. The absent witness was appellant's sister and was non-expert. As said by Judge HENDERSON in the Davis case, 96 S. W. Rep., 73: "These were non-expert witnesses. They were not authorized to give an opinion until they stated the facts upon which they predicated an opinion, and such facts should have been stated in this application;" and this court held in that case that the application was properly overruled.

The same ruling is adhered to in all the decisions. Shirley v. State, 37 Texas Crim. Rep., 478; De Luconay v. State, 68 S. W. Rep., 793; Harrison v. State, 44 Texas Crim. Rep., 164; 69 S. W. Rep., 500; Wilson v. State, 45 Texas Crim. Rep., 61, 73 S. W. Rep., 964. Again, could the absent testimony have been obtained from any other source? Said testimony was to the effect that said sister saw appellant a day or two before the shooting, and that said condition had existed for

several months. The shooting was on March 26th. Hiram Walker was a witness, and was appellant's brother-in-law, living with his wife who was appellant's sister, in the county where the trial was had. He swore that appellant was staying at his home when the offense was committed. No question was asked this witness as to appellant's insanity or mental condition, either at the time of the commission of the offense or prior thereto. Mrs. Walker, appellant's sister, and wife of said witness, was not called by the appellant to the witness stand. These relatives were with appellant after the alleged visit of appellant to Mrs. Goff's, the absent sister and up to the time he started to the place where he shot his wife. Thell Browning, another brother-in-law of appellant, was a witness on the trial and swore that for four or five days before appellant came to Jones County, where the shooting occurred two or three days later, appellant had been staying at witness Browning's house in Scurry County. This witness was not asked as to any peculiar actions of appellant nor his opinion of appellant's mental condition. This witness and many other people, apparently friendly to appellant and who knew him well and had been with him during the days and weeks preceding the shooting, all testified, and none of them were asked a question about appellant's mental condition. If his mind was unbalanced or if his actions were peculiar it would reasonably appear that some of these witnesses would have known such facts.

The trial court's action in overruling such application would also be sustained under that other well settled rule of this court that a motion for new trial upon the ground of error in refusing a continuance will be properly overruled if it sufficiently appear from the other testimony in the case that it is unlikely that the witness would have testified as claimed or that such testimony would not have probably been true.

Appellant excepted to the court's charge because it did not submit the question of insanity to the jury, and asked two special charges; one a peremptory instruction for acquittal upon the ground that the State had not proved defendant sane when the crime was committed; and the other instructing acquittal unless the jury believed beyond a reasonable doubt that defendant was sane when the offense was committed, and that the burden of proof was on the State to prove the defendant's sanity at such time. Both charges were refused. Appellant's exceptions Nos. 3, 4 and 5 complained of the court's refusal to submit these two special charges, and the issue of insanity to the jury. There was not a particle of evidence before the trial court that appellant was insane when the crime was committed and it is difficult, in view of this fact, to see just why the trial court should have submitted the issue of insanity; and we can see no reason at all why he should have given any instruction to acquit because the State had not proven appellant sane when the crime was committed. Inquiry as to the insanity of one accused of crime may be made in a proper case and manner at any time, but our statutes only make it

necessary that in a plea of guilty it must plainly appear to the court that the accused is sane and not influenced, etc. etc. See article 565 C. C. P. The question of sanity, when such plea of guilty is offered, is for the court and relates solely to the mental condition of the accused when making his plea and not to such condition when the offense was committed. The act of pleading guilty to the commission of a crime, a felony, which involves disgrace and heavy penalties, is so against his interest that it pleased the merciful framers of our laws to assume that a man would not do so in his right mind, and when free from hostile influences. So that the inquiry in such case is confined to the time of the plea and is only for the court. Hence it has always been held necessary that the judgment in such case should affirmatively show that the trial court had passed on this question and found the accused sane, as a prerequisite to accepting such plea. Sanders v. State, 18 Texas Crim. App., 372; Saunders v. State, 10 Texas Crim. App., 336; Wallace v. State, 10 Texas Crim. Rep., 407; Frosh v. State, 11 Texas Crim. App., 280; Harris v. State, 17 Texas Crim. App., 559; Burton v. State, 33 Texas Crim. Rep., 138; Coleman v. State, 35 Texas Crim. Rep., 404 . Judge W<span>hite</span> in the Burton case, *supra,* says that sanity "was necessarily an issue for the court in such plea." In the Coleman case, *supra,* Judge D<span>avidson</span> says, referring to the question of insanity in connection with a plea of guilty: "In our opinion, however, this is a matter which must be presented to the court, and the court must make its finding thereon, and this must be entered of record in connection with the plea of guilty. These prerequisites to the *validity of the plea,* and the acceptance thereof by the court, are indispensable, and must be made manifest of record."

The judgment of the trial court in the instant case is in exact accord with these decisions and what we conceive to be the law. Same is as follows:

"The State of Texas
v.
R. L. Taylor.

                        Charge assault with intent to murder.
                        No. 1613.
                        Date June 20th day of June, 1917.
                        Date, 20th day of June, 1917.

"This day this cause was called for trial, and the State appeared by her district attorney, and the defendant R. L. Taylor appeared in person, his counsel also being present *(and the said defendant having made application in due form for suspension of the sentence on his conviction herein), and having been arraigned in open court, both parties announced ready for trial, and the defendant, R. L. Taylor, in open court, in person, pleaded guilty to the charge contained in the indictment, thereupon the said defendant was admonished by the court of the consequences of said plea, and the said defendant persisted in pleading guilty; and it plainly appearing to the court that t

said defendant is sane, and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him to confess his guilt, the said plea of guilty is by the court received and here now entered of record upon the minutes of the court as the plea herein of said defendant."

Which portion of the judgment is followed by the usual recitals as to the impanelling of the jury, hearing of the evidence, etc. etc.

It being beyond question that there was no evidence before the trial court of insanity at the time the offense was committed, and that the judgment as quoted is in accord with the law and recites the sanity of appellant at the time of making the said plea, it follows there was no error in the refusal of the court to give the special charges and in refusing to submit the issue of insanity because there was a written plea of insanity on file at the time of trial setting up such issue. An inspection of the record shows that a written plea signed by appellant's attorneys was filed, which is as follows: "Now comes the defendant, R. L. Taylor, by his attorneys, and files in this behalf his plea of guilty herein, and in this connection further pleads that at the time of the commission of said offense the said R. L. Taylor was insane and was not mentally capable of knowing the nature and quality of the act committed by him." We observe that every plea available to a defendant under our statutes and practice is set out in Articles 569 and 572 C. C. P., and we nowhere find place or authority for a written plea of guilty signed only by the attorneys for defendant. It is provided by Article 581 C. C. P. as follows: "A plea of guilty in a felony case must be made in open court, and by the defendant in person." We observe here that the judgment *supra* recites that this statute was followed. If the written plea mentioned was intended to call the trial court's attention to the fact that it was his duty to assure himself of the sanity of appellant at the time of making his plea, its purpose was served, and that fact determined, as appears from said judgment, and there is no room for further complaint on this ground. However, it appears from the reading of such plea that such was not its purpose, as it states that appellant was insane at the time of the commission of the offense, so that it is clear that in no way did appellant claim to be insane at the time of making his plea, and we hold that in no case can the trial court accept a plea of guilty and at the same time accept a plea that the accused was insane at the time the offense was committed. In appellant's motion for new trial he insists that the trial court erred in receiving such plea of guilty when there was also presented a plea of insanity. Upon this question there arose a question of fact, the district attorney having filed a statutory traverse of the matters contained in said motion for new trial, specifically denying that said written plea was brought to the attention of the court or jury or himself as the representative of the State, and further setting up that appellant's plea was in person, in open court, etc. Article 841, Vernon's C. C. P. authorizes such traverse of the grounds of a motion for new trial.

See also Wilson's Crim. Forms, p. 960; Pickett v. State, 56 Texas Crim. Rep., 68; Dougherty v. State, 59 Texas Crim. Rep., 474. In such case the court may hear evidence for or against and enter his judgment and in the absence of a showing that such judgment was not supported, this court will assume the correctness of the lower court's judgment and uphold his action. Upon the hearing of said motion and traverse in the instant case the trial court overruled the motion, and nothing appearing from the record to show error in the court's action, we are compelled to uphold same.

It is urgently insisted that the case of Harris v. State, 76 Texas Crim. Rep., 126, 172 S. W. Rep., 975 is opposed to the holding herein announced. With certain statements in the Harris case we reluctantly disagree and regret that the same may have led to some confusion, but with the spirit of that decision we are in hearty accord. It is undisputed that much evidence was introduced in said case showing insanity, even though there was a plea of guilty, and this court held that under our statute requiring facts to be produced upon a plea of guilty, that if the issue of insanity be suggested in such case, evidence on this issue should go in with the other facts of the case to be decided by the jury. This is fundamentally unsound and would necessarily and inevitably cause much confusion in practice. It is unsound in that it would lead to the engrafting on our system of trials, of a practice in which both pleas of guilty and not guilty would be permitted by the court and passed upon by the jury at one and the same time, for a plea of insanity is as surely a plea of not guilty as can be; the saying that one was insane when he acted being the legal equivalent to saying he was not criminally guilty. This court refused to let the verdict stand in the Harris case on the ground that the evidence introduced showed Harris to be insane when the crime was committed. We are of opinion that in such case the correct procedure should have been that it would at once become the duty of the trial court, upon a hearing under the plea of guilty, if the evidence introduced showed insanity, to have the plea of guilty withdrawn and a plea of not guilty entered upon behalf of the accused and the issues fully and legally determined thereafter, and our opinion is that the Harris case should have been reversed and remanded for the failure of the trial court to so proceed. We are also of opinion that if the evidence so introduced to enable the jury to fix the punishment, pertinently suggested insanity at the time of the commission of the offense, this court would reverse if opportunity was refused appellant to withdraw his plea of guilty and have all the issues passed upon by the jury. It was correctly held in the Alexander case, 69 Texas Crim. Rep., 23, 152 S. W. Rep., 436, that at any time before the retirement of the jury a plea of guilty might be withdrawn and the case tried on a plea of not guilty, and such course should be followed when the evidence offered to enable the jury to fix the punishment shows a state of case under which, if true, the accused would not be guilty of any crime.

The impartial attitude of the court and the integrity of our practice would forbid the conviction of one not legally guilty or responsible and if the evidence adduced on a plea of guilty raised the issue of the present insanity of an accused the trial should be halted until the court could legally have that issue settled; and likewise and for the same beneficent reason, if such evidence presented the issue of his insanity at the time of the alleged commission of the crime, the case should be allowed to proceed no further until a plea of not guilty be entered and the plea of guilty withdrawn so that the issue of insanity could be placed before the jury in accordance with law, with proper practice and the holdings of this court. In so far as the Harris case is in conflict with these views we cannot follow it, though agreeing to the correctness of the reversal therein. In the instant case there was no evidence adduced on the trial showing insanity, either at the time of trial or when the offense was committed, consequently there was no possible invocation of the doctrine of the Harris case, if correct.

No error appearing in the former opinion of this court the motion for rehearing is overruled.

*Overruled.*

MORROW, JUDGE. Concurring.—I regard the written plea as necessarily one of not guilty. If it embodies the appellant's plea, the case should be reversed, because, manifestly there could be no trial upon both a plea of guilty and a plea of not guilty. If the record showed affirmatively that the written plea, which is copied in the opinion, was called to the attention of the trial court before the verdict was rendered, I would regard a reversal as necessary, but the bill of exceptions, in which there is a reference to the written plea, does not by any certificate of the court, or by any direct statement of the bill, state that the written plea was presented to the court at any time during the trial. The contest and motion for new trial insists that it was so presented; and the finding of the court upon the issue of the facts presented in the motion for a new trial, and the contest having been determined by the court against the appellant, in the absence of the evidence before us, we are not in position to review his ruling. From this statement it appears that the only plea before the court at the time of the trial, was a plea of guilty, entered by the appellant, and that at that time, as shown by the judgment of the trial judge, in accordance with the statute, he inquired into the sanity of the appellant and determined that he was sane, as a predicate to accepting the plea. There was no evidence introduced upon the trial, raising the question as to his sanity, and under the plea of guilty, which the court could receive only on the theory that he had determined appellant sane, there was, under the circumstances, no issue of sanity to be submitted to the jury. With this statement, I concur in the judgment that the motion of appellant be overruled.

*Overruled.*