### G. R. Miller v. The State.

#### No. 500. Decided March 9, 1910.

#### Rehearing denied April 6, 1910.

**Murder—Plea of Guilty—Charge of Court—Degree of Murder.**

Where, upon trial for murder, the record on appeal showed that when defendant entered his plea of guilty he was admonished of the consequences thereof; that he was sane and uninfluenced by any consideration of fear or hope of reward, etc., there was no error in the court's failure to submit the

issue of murder in the second degree, or to define the elements of murder in the first degree. Following Coleman v. State, 35 Texas Crim. Rep., 404, and other cases. Distinguishing Martin v. State, 36 Texas Crim. Rep., 632.

Appeal from the District Court of Donley. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

*A. L. Journeay* and *A. T. Cole,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant has appealed from a conviction for murder in the first degree with the death penalty assessed. At the October term, 1909, the grand jury returned into the District Court of Donley County a bill of indictment charging appellant with the murder of one Floyd Autrey by shooting him with a pistol. At the same term of the court appellant was brought to trial, and when brought to trial plead guilty to murder, and upon this plea being received and entered, and the evidence being introduced on the trial of the case, the court directed the jury to find the appellant guilty of murder in the first degree and assess his penalty at either death or confinement in the penitentiary for life. The jury returned a verdict with the death penalty. The judgment recites that said plea was accepted after the court had admonished the defendant of the consequences of said plea, and that it was plainly made to appear to the court that the said Miller was sane, and that he was not influenced in making said plea by any consideration of fear or any persuasion or delusive hope of pardon prompting him to confess his guilt, and that the jury, after having had the indictment read and heard the plea thereto and all the evidence submitted, and the argument of counsel and the charge of the court, retired to consider of their verdict and brought in a verdict finding the defendant guilty of murder in the first degree and assessed the penalty at death.

There is but one question presented in this case for consideration by this court and it involves two propositions. First, did the court err in not submitting the issue of murder in the second degree to the jury? And, second, did the court err in not defining to the jury the elements that constitute murder in the first degree? On the trial of the case the evidence showed that the deceased and his companion, Fred Garrett, were traveling west over the Fort Worth & Denver Railroad in March, 1909, and when they got to the town of Childress they got in a boxcar to travel, evidently intending to avoid paying their fare. When they got to Memphis the appellant got in the car and after the train started they engaged the appellant in a conversation. The appellant said his reason for getting in the car was that

he did not have any money to pay his fare, when the deceased spoke up and said they had a little money and that they would see that he did not get put off. They sat down and talked together awhile, smoked cigarettes, and one of them played a harp. When they got close to the town of Giles the appellant fired at the deceased and killed him, and then turned and fired upon the witness, who jumped out of the car. The train had about come to a stop and the witness Garrett then ran towards the engine, saw a brakeman and got him to come back; when they got back to the car the appellant was gone and the deceased was lying on his face with his pockets turned wrong side out. The appellant was arrested the next day, when he admitted that he had killed the deceased and that his purpose was robbery.

Our Penal Code, article 710 (605), provides as follows: "Every person with a sound memory and discretion who shall unlawfully kill any reasonable creature in being within this State, with malice aforethought, either express or implied, shall be deemed guilty of murder," etc. Article 710 (606), says: "All murder committed . . . with express malice, or committed in the perpetration, or in the attempt at the perpetration of . . . robbery, . . . is murder in the first degree, and all murder not of the first degree is murder of the second degree." It may here be stated that there is not a particle of testimony, nor is suspicion thrown upon the evidence, from which it could be suggested but that the killing was in the perpetration of robbery. There is no issue but what appellant was admonished upon the trial of the case of the consequences of his plea, there is no issue but what the testimony shows that he was sane at the trial of the case and at the commission of the offense. Article 554, White's Code of Criminal Procedure, provides: "If the defendant plead guilty he shall be admonished by the court of the consequence; and no such plea shall be received unless it plainly appear that he is sane, and is uninfluenced by any consideration of fear by any persuasion or delusive hope of pardon prompting him to confess his guilt." Article 555 provides: "Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon." Article 712, Penal Code, provides: "If the jury shall find any person guilty of murder, they shall also find by their verdict whether it is of the first or second degree; and if any person shall plead guilty to an indictment for murder, a jury shall be summoned to find of what degree of murder he is guilty, and in either case they shall also find the punishment." If the testimony should suggest that murder in the second degree might be in the case, then it would be the duty of the court to submit the issue of murder in the second degree to the jury. When the evidence totally fails to raise an issue of a lower grade of homicide than murder in the first degree the court need not and should not charge on any

lower grade of homicide. See Bryant v. State, 18 Texas Crim. App., 107; Johnson v. State, 18 Texas Crim. App., 385; Rhodes v. State, 17 Texas Crim. App., 579; Neyland v. State, 13 Texas Crim. App., 536; Davis v. State, 14 Texas Crim. App., 645. Now, let us suppose that appellant had not entered a plea of guilty in this case. The testimony having established murder in the perpetration of robbery and failed utterly to raise an issue of any lower degree of homicide than murder in the first degree, it would have been wrong for the court to have submitted a lower degree of homicide. Then, if under the evidence on a plea of not guilty it would have been wrong for the court to have submitted the issue of murder in the second degree, why should it be essential that the court should submit the degrees of murder simply because the defendant plead guilty? To our minds there is no authority or reason to sustain a proposition like this. This case is unlike the Martin case, 36 Texas Crim. Rep., 632. In that case the testimony did raise the issue as to whether it was murder of the first or second degree, and that case was reversed because of the failure of the court to charge the jury that certain witnesses were accomplices and had to be corroborated. It is said that the law will not permit the defendant to plead guilty to murder in the first degree. He only pleads guilty to murder and a jury must be empaneled to determine the degree. The law further says that a man can not be convicted upon his plea of guilty unless evidence has been introduced to show his guilt. Now, when the appellant plead guilty to murder and the State offered the proof that shows beyond all question appellant is guilty of murder in the first degree, and there is nothing in evidence that would suggest an issue of a lower degree of homicide, then the court should not submit to the jury a lower degree of homicide; the rule being that the court should not submit to the jury an issue not raised by the evidence. When the record discloses that the sanity of the appellant was made to appear; that he was admonished of the consequences of his plea and that said plea was uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt on appeal, the presumption would be that all those things had been done that the law required to be done, but here we are not called upon to indulge in presumptions. The record speaks affirmatively that these things were done and speaks affirmatively that the appellant was sane. In the case of Sanders v. State, 18 Texas Crim. App., 372, this court held that ordinarily the sanity of the defendant is presumed until the contrary is made to appear, "but the very opposite of this presumption is the rule where an individual proposes by a plea to confess his guilt of crime, whereby he appears to desire and invite the disgrace and punishment incident to it. In such cases, from his unnatural conduct, the law presumes either that he must be insane or that he has been improperly influenced. Hence, in its humanity it will not permit advantage to be taken of his unfortunate infirmities or circumstances, and it has wisely pro-

vided that these things shall be inquired into, and the true state of case with reference to them made plainly to appear." In the case of Coleman v. State, 35 Texas Crim. Rep., 404, this court held that the record on appeal must show that when the defendant entered his plea of guilty that the appellant was admonished of the consequences thereof and that the appellant was sane, and was uninfluenced by any consideration of fear, etc., and that these prerequisites are indispensable and must be made manifest of record; that they can not be supplied by inference, intendment or presumption. Here the record discloses all of these prerequisites and that the court, as a matter of fact, determined these questions in the court below and they are manifest in the record. We, therefore, hold that the court did not err in not submitting the issue of murder of the second degree to the jury, nor do we think the court was called upon to define murder in the first degree. The appellant plead guilty to murder, and the law and evidence had said that the killing could be nothing below murder in the first degree. It would be a work of supererrogation on the part of the court to have defined murder in the first degree to the jury. Finding no errors apparent of record and the proof showing conclusively the guilt of the appellant, and it being made to appear as equally conclusive that the crime of which appellant was convicted was murder of the first degree, the court did not err in not defining murder in the first degree.

Finding no error in the record of the court below, the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied April 6, 1910.—Reporter.]