## M. ZEPEDA V. THE STATE.

No. 11531.    Delivered April 18, 1928.

### 1.—Possessing Intoxicating Liquor—Appeal Bond—Made During Term—Insufficient.

Where appellant, during the term of court at which he was tried, executed an appeal bond instead of a recognizance, such appeal bond was insufficient.    This court acquires no jurisdiction of an appeal where an appeal bond is filed during the trial term of court.    See Art. 818, C. C. P.; Lang v. State, 80 Tex. Crim. Rep. 272, and other cases cited.

### 2.—Same—Continued.

Where an appeal bond is approved by the sheriff only, if otherwise regular, it would be non-effective without the approval of the trial judge. See Art. 818, C. C. P.

### 3.—Same—Bill of Exception—Time for Filing—Rule Stated.

In the absence of an order granting additional time, the appellant has only thirty days after notice of appeal, in which to file bills of exception, and bills which are not filed within such time unless the time is extended cannot be considered on appeal.

Appeal from the District Court of Frio County.    Tried below before the Hon. W. O. Murray, Jr., Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Grover C. Morris* and *Frank W. Steirle* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant entered a plea of guilty to possessing intoxicating liquor for the purpose of sale. His punishment was assessed at one year in the penitentiary and suspended sentence denied.

The trial term of court adjourned the 17th day of September, appellant's motion for new trial having been overruled and notice of appeal given on the 16th day of September. Appellant did not enter into recognizance during the term of court in order to secure his enlargement pending appeal, but on the same day his motion was overruled and while court was still in session he executed an appeal bond to effect his enlargement. This court acquires no jurisdiction of an appeal where an appeal bond is filed during the trial term of court. Art. 818, C. C. P.; Lang v. State, 80 Tex. Crim. Rep. 272, 190 S. W. 146; Hale v. State, 87 Tex. Crim. Rep. 119, 219 S. W. 1097. (Other authorities will be found collated under note 3, Art. 818, Vernon's C. C. P., Vol. 3.)

The matter mentioned will necessitate the dismissal of the appeal. We take note, however, that the appeal bond is approved by the sheriff only. If otherwise regular it would be non-effective for lacking the approval of the trial judge. Art. 818, C. C. P., requires approval of both the judge and the sheriff.

We observe that only one bill of exception appears in the record. It was not filed until the 4th day of December. In the absence of an order granting additional time, appellant had only thirty days in which to file bills of exception. No additional time was granted because the bill was filed too late.

The appeal is dismissed.

*Dismissed.*