**CITY OF IRVING, Texas, Appellant,**

v.

**William F. SHIPP et al., Appellees.**

**No. 16175.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 6, 1961.

Rehearing Denied Feb. 3, 1961.

Earl Luna, Dallas, for appellant.

Spurlock, Schattman & Jacobs, Denning Schattman and Kenneth M. Cole, Jr., Fort Worth, for appellees.

RENFRO, Justice.

Suit was brought against the City of Irving for damages for the death of Gary Shipp and for personal injuries sustained by Jo Ann Martin, Wanda Martin Pope, and Billy R. Shipp and wife, Charlene Shipp. Plaintiffs alleged that on March 28, 1957, at approximately 10:30 p. m., they were proceeding in a westerly direction within the city limits of the City of Irving and approaching the intersection of Story Road; that just west of the intersection of Irving Boulevard and Story Road there is a triangular shaped grassy plot out by a large and dangerous ditch, which runs north and south, parallel with Story Road; that immediately west of this triangular area, Irving Boulevard continues to proceed in a westerly direction; that as Irving Boulevard approaches Story Road from the east and within approximately 50 feet of said intersection it rises, the Boulevard is then intercepted by the triangular area which is in a slight depression and at a lower elevation than the intersection and that west of the triangular area Irving Boulevard again rises as it continues west; that approaching said intersection, lights of vehicles traveling in an easterly direction on Irving Boulevard appeared to be on a continuation of Irving Boulevard; that Irving Boulevard, however, dead-ended in a large ditch and culvert just west of Story Road and did not continue westward as it reasonably appeared to do; that the City was negligent in failing to erect a barrier immediately west of Story Road at the intersection with Irving Boulevard so as to reasonably warn plaintiffs that the said Irving Boulevard dead-ended.

The jury found that the failure to erect such a barrier immediately west of Story Road was negligence and a proximate cause of the accident.

The jury found that the failure of the driver of the car, Gary Shipp, to keep a proper lookout was a proximate cause of the accident, and no recovery was allowed for his death.

The jury found that the failure of the driver to keep a proper lookout was not the sole proximate cause of the accident.

Based upon the findings of the jury, a judgment aggregating $33,000 was entered for the four injured passengers. The judgment, in view of the serious nature of the injuries, was modest and no complaint is made as to the amount thereof.

■ The evidence was also ample to support the finding that the failure to erect a barrier at the place in question was negligence and a proximate cause of the accident.

■ The City's principal point of error is set out in three parts, namely: (1) Under a contract between the City of Irving and the State Highway Commission, in accordance with the statutes of Texas, the State Highway Commission had assumed authority, jurisdiction, control and the duty to maintain and repair that portion of State Highway 356 where appellees' accident occurred; (2) no duty to maintain or repair on the part of appellant existed in the absence of such authority to undertake maintenance or repairs; and (3) the City had no duty or authority to erect signs, barriers, or control devices in the area in question in the absence of authority being granted by the State Highway Commission, and no such authority had been granted.

The City places great reliance upon the case of Hale v. City of Dallas, Tex.Civ. App., 335 S.W.2d 785. In that case, however (which discusses at length Article 6674w-1, Vernon's Ann.Civ.St., not in effect at the time the instant cause of action arose), the State by contract with the City had contracted specifically to maintain the surface and shoulders of the street in question, the accident involved therein occurring in a chug hole in the street.

In the instant case the contract between the State and the City provided in part:

"The City hereby agrees and does hereby authorize the State to maintain the State

Highway routes covered by this agreement in the manner set out herein.

\* \* \* \* \* \*

"The City agrees that traffic control devices, such as stop and slow signs, traffic signal lights, parking meters, and other types of devices for traffic control, in respect to type of device, points of installation, and necessity will be fixed by agreement with the State after traffic and engineering surveys have been made. The City agrees that it will not install or maintain or permit the installation or maintenance of any type of traffic control device which will affect or influence the utility of the State Highway routes without having obtained in writing the prior approval of the State. \* \* \*

\* \* \* \* \* \*

"The State agrees to maintain normal route markers and directional and destination signs for direction of highway traffic.

\* \* \* \* \* \*

"The State agrees to maintain the pavement, base, and its support, and to maintain the normal shoulders on those sections where there is no curb and gutter.

\* \* \* \* \* \*

"The City agrees to retain and continue the responsibility for all drainage, except where participation by the State is specifically covered in an agreement between the City and the State, and to retain and continue its duties of sweeping, flushing, and otherwise keeping the State Highway routes covered herein in a clean and sanitary condition.

"It is mutually agreed and acknowledged that the City shall retain all functions and responsibilities for maintenance, control, supervision, and regulation which are not specifically described as the responsibility of the State."

In Gabbert v. City of Brownwood, Tex. Civ.App., 176 S.W.2d 344, 345, it was held: " 'A failure to provide a barrier or lights to warn or guard travelers against defects or unsafe places in the street', says Tex. Jur., 'may be negligence which will render the city liable for resulting injuries.'. 39 Tex.Jur. p. 690, § 121. And again, 'It is the duty of the municipality to erect barriers or rails along a street at places where they are necessary to make the way safe for travelers who exercise ordinary care—or, as otherwise stated, where there is a dangerous place which is in such proximity to the street as to render the highway unsafe for purposes of travel.' 39 Tex.Jur. p. 693, § 123."

In City of Waco v. Darnell, Tex.Com. App., 35 S.W.2d 134, it was held that a person injured by a defect or obstruction outside of a street or traveled portion thereof may recover if the obstruction by proximity to the traveled portion renders it not improbable that injury will result to travelers exercising due care.

The Supreme Court, in City of Austin v. Schmedes, 154 Tex. 416, 279 S.W.2d 326, 52 A.L.R.2d 680, held that it was the duty of the city to post signs incident to the closing of a one-way street.

In a somewhat analogous situation to the instant case, it was held in City of Beaumont v. Kane, Tex.Civ.App., 33 S.W.2d 234, that whether the City was negligent in not maintaining a barrier to prevent travelers from driving from street across wharf into river was a jury question.

The Supreme Court, in City of Port Arthur v. Wallace, 141 Tex. 201, 171 S.W. 2d 480, 482, approved the holding in Kling v. City of Austin, Tex.Civ.App., 62 S.W. 2d 689, wherein "it was held that the city was liable for injuries sustained by the plaintiff, when his automobile hit a fire plug or hydrant located in the street. The conclusion was announced, based upon authorities cited, that the breach by the city of its duty with respect to the maintenance of its streets was not 'rendered nonactionable where the unsafe condition is caused by either the improper location of a governmental function instrumentality or

452

the failure to properly guard such instrumentality so as to render it reasonably safe.' "

Under the provisions of Article 1175, sections 16, 17 and 18, V.A.T.S., the City, a Home Rule City, was given exclusive dominion, control and jurisdiction over the streets and highways within its City limits. We think under the foregoing cases it cannot avoid liability for the injuries to the plaintiffs unless it is relieved from liability by virtue of the heretofore mentioned contract with the State. We find nothing in the contract which would relieve the City from responsibility for erecting a barrier to prevent motorists on Irving Boulevard from driving into a dangerous drainage ditch. The maintenance of the drainage ditch was the full responsibility of the City under its contract with the State. We do not gather from the record the erection of a barrier to protect people from entering the dangerous ditch would interfere with the utility of the street by the State.

In the contract, as noted, it was mutually agreed that the City should retain all functions and responsibilities for maintenance, control, supervision and regulation which are not specifically described as the responsibility of the State.

We have concluded that the maintenance of a barrier west of Story Road was not specifically described as a responsibility of the State, and the evidence being ample to support the finding that failure of the City to maintain such a barrier was negligence and a proximate cause of the collision, we overrule the City's point of error.

The gist of the City's points two and three is that since the jury found the driver of the car guilty of failing to keep a proper lookout, judgment should have been rendered in favor of the City as to all the plaintiffs.

The City did not plead negligence on the part of the passengers and did not request any issues thereon. The negligence, if any, of the passengers was a defensive issue and in the absence of such pleadings and request the defendant waived such defense. Rule 273, Texas Rules of Civil Procedure; see also City of Dallas v. Maxwell, Tex. Com.App., 248 S.W. 667, 27 A.L.R. 927, and City of Uvalde v. Stovall, Tex.Civ.App., 279 S.W. 889.

 The remaining points complain of the action of the court in overruling certain exceptions to the court's charge and the action of the court in admitting into evidence pictures of one of the injured parties while undergoing treatment for a face wound. We have given careful consideration to the City's argument thereunder but in view of the record find no reversible error. Rule 434.

The judgment is affirmed.