### Hershel McKNIGHT, Appellant,

v.

### The STATE of Texas, Appellee.

#### No. 37954.

Court of Criminal Appeals of Texas.

March 10, 1965.

Royce E. Ball, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft; the punishment, two years.

Our able State's attorney does not seek an affirmance of this conviction, and we agree that this cause must be reversed. The indictment alleged that appellant and one James Elmer Firestone stole a number of mechanical items, but no value is attributed to them either singularly or collectively. It is essential in all cases of theft, except in theft from the person and theft of certain animals such as horses, mules, cattle, etc., to allege the value of the property so that the indictment may show upon its face that the court has jurisdiction of the offense. This identical question was before the Court in Steel v. State, Tex.Cr.App., 217 S.W.2d 857. See also Price v. State, 165 Tex.Cr.R. 326, 308 S.W.2d 47.

The indictment being fatally defective, the judgment of conviction is reversed and the prosecution is dismissed.