Billy Joe **JOSHLIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43952.

Court of Criminal Appeals of Texas.

July 14, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for theft of property over the value of $50.00. The punishment was assessed by the court at ten years.

The indictment alleged that the appellant stole an automobile from Billy Jack Brackin. The court submitted the charge of theft by false pretext to the jury.

The sufficiency of the evidence is challenged.

The record reflects that the appellant offered to trade an automobile (that had been stolen) on a new model automobile to Brackin who worked at Taylor Pontiac, an automobile agency. Brackin appraised the automobile that appellant offered to trade. He then let appellant have the new automobile for the evening ostensibly to get his wife's approval. The appellant never returned with the automobile. Brackin investigated and learned that the automobile that appellant had offered to trade had been stolen from a police officer. The new automobile was found by an officer some two weeks later across the street from the address where appellant stated he resided. There were a few chicken bones and paper sacks in the car and it "looked like it had been lived in for quite a while."

Two prior convictions for felonies less than capital, alleged for enhancement, were dismissed. At the penalty stage of the trial several prior convictions were proved.

■ The appellant contends that the evidence is insufficient to show that Brackin was the owner of the new automobile that was taken. Brackin testified that he was a salesman for Taylor Pontiac and that he had the care, custody and control of the automobile. This is sufficient proof of ownership under Article 21.08, Vernon's Ann.C.C.P. Webster v. State, Tex.Cr.App., 455 S.W.2d 264.

■ Secondly, the appellant urges reversible error because the prosecutor discussed the argument of defense counsel: "* * * [h]e has talked about this identification, he has used what we see time after time, the standard defense where you attack the victim or you attack the police officer, in this case, and this is a smoke screen."

Counsel objected that he had not attacked anyone and did not intend to attack anyone and did not know of any smoke screen.

Appellant's counsel in his argument had questioned the testimony of the witnesses concerning their identification of the appellant before the prosecutor made his argument. However, assuming the argument was not invited, we hold that it does not constitute reversible error.

■ Next, appellant complains that reversible error was committed when the prosecutor argued to the effect that defense counsel wanted the jurors to look at something else and lose sight of the ball and, "In this case, you have a guilty man sitting down here at this end of the counsel table * * *." Counsel then objected to the statement about a guilty man and stated that the jury had to decide guilt and innocence. The objection was overruled. The prosecutor then argued: "Basing that statement on the evidence you have because it proves * * *" and he then discussed the evidence against the appellant.

Appellant cites no authority to support this contention. The argument was a reasonable deduction from the evidence. Hoover v. State, Tex.Cr.App., 449 S.W.2d 60. After the objection to the complained of argument, the prosecutor's statement

shows that his remarks were based upon the evidence. No reversible error has been shown.

◼ Lastly, it is contended that the State introduced records of a prior conviction at the penalty stage of the trial which did not reflect appellant was represented by counsel. Evidence of some nine prior convictions was introduced before the court. The records in each case reflect that appellant was represented by counsel. This contention is without merit.

The record contains no reversible error. The judgment is affirmed.