**Ex parte Elsie Delores ROBINSON.**

**No. 46715.**

Court of Criminal Appeals of Texas.

May 16, 1973.

Thomas V. Priolo, Amarillo, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

This is a habeas corpus proceeding after final conviction pursuant to Article 11.07, Vernon's Ann.C.C.P.

The applicant was convicted of the felony offense of arson on November 20, 1970 upon her plea of guilty in the 47th Judicial District Court of Potter County, and was assessed a ten (10) year term on probation. On November 25, 1970, the applicant's probation was revoked and she is now serving the ten year sentence. No appeal was taken.

Petitioner contends that the trial court erred in accepting her guilty plea by failing to comply with the mandatory provisions of Art. 26.13, V.A.C.C.P.

The convicting court in compliance with Art. 11.07, supra, has entered findings of fact and conclusions of law based on the applicant's sworn allegations of fact and the prior records of the original trial of the cause. Such conclusions of law state that the exact words of Art. 26.13 were not used in admonishing the applicant in regard to her guilty plea.

The transcription of the court reporter's notes from the original trial of the cause reflects the following colloquy in regard to applicant's guilty plea.

"THE COURT: Mrs. Robinson, you were indited (sic) with the offense of Arson. Arson is punishable under our law by confinement in the State Penitentiary for not less that (sic) two (2) nor more than twenty (20) years. I have your application for permission to waive trial by a jury and to plead guilty to the charge.

"I know that Mr. Poff has explained your legal rights to you, but I have to ask you thes (sic) questions in open court. First, do you understand that even though you may be guilty, you have a right if you want, to plead not guilty and be tried by a jury?

"A Yes, sir.

"THE COURT: You understand that if you plead guilty, you leave the question of your punishment to me, and that I have to set it within the limit prescribed by law?

"A Yes, sir.

"THE COURT: Have you ever been confined in any institution for the treatement (sic) of Mental Diseases?

"A No, sir.

"THE COURT: You do not now contend that you are insane at this time, nor that you were insane at the time of committing this offense?

"A No, sir.

"THE COURT: I will permit you to plead guilty if that is your desire. Now, you are intitled (sic) to have the District Attorney read the indictment to you, or if you have read it and un-derstand it you may waive the reading of the indictment?

"MR. POFF: We will waive the reading, Your Honor.

"THE COURT: You waive the reading of the indictment?

"A Yes, sir.

"THE COURT: How do you plead to the charge?

"A Guilty."

Art. 26.13, supra, provides:

"If the defendant pleads guilty or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

From the above recital, it appears that the appellant was informed as to the penalty for the offense to which she pled guilty, but no questions were asked her to determine that she was voluntarily and understandingly pleading guilty, nor that she was not pleading guilty because of fear, persuasion or hope of pardon. Such failure renders the plea of guilty and the judgment void. Espinosa v. State, 493 S.W.2d 172 (1973); Kane v. State, Tex.Cr.App., 481 S.W.2d 808; Jackson v. State, Tex. Cr.App., 488 S.W.2d 451; Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569. Ex parte Chavez, 482 S.W.2d 175.

The applicant is ordered released from further confinement by virtue of her conviction in Cause No. 15625–A and surrendered to the custody of the sheriff of Potter County to answer the indictment charging her with the offense of arson.

Opinion approved by the Court.