Ex parte Glenn **HARVEY**.

No. 47033.

Court of Criminal Appeals of Texas.

May 30, 1973.

Kerry P. Fitzgerald, Dallas, for appellant.

Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

This is a post conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P.

The petitioner contends that the trial court, in accepting his pleas of guilty in the seven causes before the court, did not properly admonish him pursuant to Article 26.13, V.A.C.C.P.

On April 10, 1973, the Honorable John Mead, Judge of Criminal District Court No. 4 of Dallas County, after hearing petitioner's application for writ of habeas corpus in the trial court, entered findings of fact and conclusions of law wherein he found:

> "Petitioner's allegation that he was not properly admonished by the Court prior to entering his pleas of guilty in each of the aforementioned causes is with merit as a matter of fact and as a matter of law as the Record reflects that the Court did not admonish Petitioner as to whether or not Petitioner's pleas of guilty were uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting Petitioner to confess his guilt, as required by Article 26.13, C.C.P."

The record was then forwarded to this court, and after reviewing the same, we agree with such findings and conclusions.

The record reflects that on February 21, 1969, the petitioner pleaded guilty to robbery by assault in seven causes. The punishment was assessed in each cause at thirty-five years.

At the evidentiary hearing the petitioner, to support his allegations now under consideration, offered into evidence the transcription of the court's reporter's notes. It is reflected that petitioner stated that he pleaded guilty to each of the seven causes and was thereafter admonished as to the range of punishment for the offense. Then, the testimony was offered to support the pleas of guilty and no other admonishment appears in the record. Hence, Article 26.13, supra, clearly was not complied with. See, e. g., Ex parte Chavez, Tex. Cr.App., 482 S.W.2d 175; Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569.

The petitioner is ordered released from further confinement by virtue of his conviction in the causes herein. He is to be surrendered to the custody of the Sheriff of Dallas County to answer the indictments charging him with these offenses.

It is so ordered.