**Foster L. BOSWORTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47746.**

Court of Criminal Appeals of Texas.

March 13, 1974.

Rehearing Denied June 26, 1974.

Arthur A. Estefan, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Roberts and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for felony theft. A plea of guilty was entered

before the court and punishment was assessed at eight (8) years.

At the outset appellant contends that the court's admonishment to determine the voluntariness of the plea was not in compliance with Article 26.13, Vernon's Ann.C. C.P.

Appellant urges that minimal compliance with Article 26.13, V.A.C.C.P., is not present in that no inquiry is made to determine:

(1) If appellant were influenced by any persuasion.

(2) If appellant were influenced by any delusive hope of a pardon.

(3) If appellant were influenced by any force or threats.

After having the range of punishment for the offense explained to him, appellant told the court he was pleading guilty because he was guilty. Appellant was then asked and answered as follows:

"THE COURT: You are not doing this by reason of fear?

"MR. BOSWORTH: No, sir.

"THE COURT: You are not doing this because anyone has promised you anything?

"MR. BOSWORTH: No, sir.

"THE COURT: You are doing this voluntarily because you are guilty?

"MR. BOSWORTH: Yes, sir."

Pursuant to questions by the court, counsel for appellant stated that he had known appellant for almost a year, he was a person of sound mind and definitely had been able to assist counsel in preparing for the hearing.

The court then accepted the plea of guilty.

The judgment recites:

". . . it plainly appearing to the court that the defendant is sane and uninfluenced by any consideration of fear, or by any promises, persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea of guilty was accepted by the court . . ."

Even though the court did not specifically inquire of appellant as to whether he was prompted to plead guilty because of a delusive hope of pardon nor was he asked if his plea was influenced by persuasion, in view of the entire record and the court's findings we find the admonitions to be in substantial compliance with Article 26.13, V.A.C.C.P. Espinosa v. State, Tex. Cr.App., 493 S.W.2d 172; Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174; Clayton v. State, Tex.Cr.App., 493 S.W.2d 176; Johnson v. State, Tex.Cr.App., 500 S.W.2d 115; Moreno v. State, Tex.Cr.App., 500 S. W.2d 114.

Appellant contends there is a variance in the indictment alleging that the property was owned by the complainant and in possession of the complainant and the proof offered by the State.

The indictment recites that an automobile over the value of fifty dollars was taken "from the possession of Vincent W. Heyer, hereinafter called complainant, the owner thereof, . . ."

State's Exhibit No. 1 contains a written judicial confession, admitting all of the elements of the offense and specifically reciting that appellant "did unlawfully and fraudulently take one automobile over value of $50 from Vincent Heyer, without his consent . . ." Pursuant to stipulation, a written statement of Vincent W. Heyer was introduced in which it was stated that Heyer had custody and control of the vehicle in question. Apparently appellant's complaint is directed to the allegation of ownership by Heyer in the indictment while the written statement shows that Heyer was a salesman for an auto company and the automobile was in his custody and control. Article 21.08, V.A.C.

C.P. provides that "where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either." See Joshlin v. State, Tex.Cr.App., 468 S.W.2d 826. No error is shown.

■ Appellant next contends that the indictment is fatally defective in that the property alleged to have been taken is not described as "corporeal personal property."

"The omission of the word 'personal' or 'corporeal' in characterizing the property is immaterial where it is otherwise accurately described." 55 Tex.Jur.2d, Theft, Section 110. The indictment alleged the theft of "one (1) automobile." Such description was held sufficient in Ward v. State, Tex. Cr.App., 446 S.W.2d 304. No error is shown.

■■ Appellant contends that the allegation in the indictment that the value of the automobile taken is "over the value of $50" is too general. Allegation as to value of property stolen is not descriptive further than as it affects question whether offense is felony or misdemeanor. Keenan v. State, 120 Tex.Cr.R. 616, 48 S.W.2d 264. The reason for alleging value of property stems from the necessity of the indictment showing on its face that court has jurisdiction of the offense. McKnight v. State, Tex.Cr.App., 387 S.W.2d 662. The indictment in the instant case alleges a felony offense and places jurisdiction in the district court. No error is shown.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (dissenting).

"We must not be guilty of taking the law into our own hands, and converting it from what it really is to what we think it ought to be." Coleridge, C. J., R 1–Ramsey (1883) 1 C. & A. 126, 136.

Since the Court of Criminal Appeals, as presently constituted, has recently been sharply divided over the proper interpretation to be given to Article 26.13, Vernon's Ann.C.C.P., and since the majority opinion in the instant case holds, in effect, that the trial court now need not inquire whether the guilty plea was prompted by either "delusive hope of pardon" or "persuasion" as required by statute, it may be well that the problems presented should be explored.

It is common knowledge that most criminal convictions result from guilty pleas or pleas of nolo contendere. It has been estimated that 90 percent of all criminal cases in this country are disposed of on such pleas. The President's Commission on Law Enforcement and Administration of Justice, Task Force Report: The Courts (1967). There is no reason to doubt that this is not true in Texas in criminal cases.

Therefore, it is of the utmost importance that the very highest standards be applied to our procedures in dealing with pleas of guilty and nolo contendere to insure that these proceedings, which dispose of the bulk of our criminal case load, are fairly conducted, that defendants are not overridden and that innocent individuals are not unjustly confined. And this is particularly true in felony cases.

Our foresighted Legislatures, years before the modern day concern with such proceedings, wisely enacted laws to provide certain safeguards. And such safeguards have been consistently interpreted until recently.

Prior to the adoption of the first Penal Code and first Code of Criminal Procedure in Texas, the common law, with a few penal statutes, constituted the criminal law of this State.

These first codes were passed after John W. Harris, O. C. Hartley and James Willie had been appointed commissioners to prepare codes revising the laws, civil and criminal, of this State.

The proposed codes, after many amendments, were adopted at the adjourned ses-

sion of the Sixth Legislature in 1856, and took effect February 1, 1857.

In the first Code of Criminal Procedure (1856) is found Article 475, which reads:

"If the defendant plead guilty, he shall be admonished by the court of the consequences; and no such plea shall be received unless it plainly appear that he is sane, and is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt."

This statute was brought forward unchanged as Article 518 in the 1879 Code of Criminal Procedure. It was again reenacted without change in the 1895 Code of Criminal Procedure as Article 554. Such statute became Article 565 in the 1911 Code of Criminal Procedure, again unchanged. In the 1925 Code of Criminal Procedure the statute was enacted as Article 501 without amendment and it was not amended until 1959, when it was slightly changed to incorporate a plea of nolo contendere.

Such 1959 amendment to Article 501, Vernon's Ann.C.C.P. 1925, read:

"If the defendant pleads guilty, *or enters a plea of nolo contendere,* he shall be admonished by the court of the consequences; *and neither of such pleas* shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt. (Acts 1959, 56th Leg., p. 257, ch. 149, Sec. 1) (changes italicized).

And when the current 1965 Code of Criminal Procedure was enacted, said Article 501 as amended in 1959 was brought forward as Article 26.13, Vernon's Ann.C. C.P., completely unchanged. See also Article 27.13, Vernon's Ann.C.C.P.

Thus, it is clear for over 116 years the same statute, virtually unchanged in verbiage, has governed the procedure in ac-

cepting guilty pleas in felony cases. And over the years it has been interpreted numerous times and until recently consistently in the same manner.

The interpretation has been that a guilty plea in a felony case can be made only by the accused in person and in open court. It can only be accepted under the three following conditions, viz.: (1) The accused must be admonished by the trial court of the consequences of the plea; (2) It must plainly appear that the defendant is sane at the time of making the plea; and (3) It must plainly appear that he is uninfluenced by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to make such plea. These prerequisites to the validity of such plea and acceptance thereof by the court are indispensable. Saunders v. State, 10 Tex.App. 336 (1881); Wallace v. State, 10 Tex.App. 407 (1881); Frosh v. State, 11 Tex.App. 280 (1881); Harris v. State, 17 Tex.App. 559 (1885); Paul v. State, 17 Tex.App. 583 (1885); Turner v. State, 17 Tex.App. 587 (1885); Sanders v. State, 18 Tex.App. 372 (1885); Evers v. State, 32 Tex.Cr.R. 283, 22 S.W. 1019 (1893) and cases there cited; Caruth v. State, 77 Tex.Cr.R. 150, 177 S.W. 973 (1915).

In Saunders v. State, 10 Tex.App. 336 (1881), the Court of Appeals wrote:

"If *these matters* are essential and *must concur* to render the plea a valid one, then it seems to us that, as conditions precedent, the record should show their existence. Without their existence, *in fact,* the plea is no plea in law." (Emphasis supplied)

And in Sanders v. State, 18 Tex.App. 372 (1885), the statutory requirements were referred to as "essential concomitants of such a plea." There, the court said, ". . . and it (the law) has wisely provided that *these things shall be inquired into,* and the true state of case with reference to them made plainly to appear." (Emphasis supplied)

In Frosh v. State, 11 Tex.App. 280 (1881), the Court of Appeals noted:

"A plea of guilty without these prerequisites is not legal, and consequently a judgment thereon is one rendered without plea, and is, of course, without authority in law."

Coleman v. State, 35 Tex.Cr.R. 404, 33 S.W. 1083 (1896), observed that the statutory requirements "are indispensable to the validity of such plea, and must be shown by the record, to sustain a conviction thereon."

In May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606 (1948), the court held the entire statute to be mandatory and observed the three things required must be *done* as a condition precedent to the validity of the plea of guilty and that the question of compliance may be raised after conviction.

Thus, it is seen that the court has talked of the three prerequisites required by the mandatory statute in terms of what must be "done"[1] or what must "concur"[2] and which must be "inquired into"[3] and as "a matter which must be presented to the court, and the court must make its findings thereon, and this must be entered of record in connection with the plea of guilty." Coleman v. State, 35 Tex.Cr.R. 404, 33 S. W. 1083 (1896). "These prerequisites to the validity of the plea, and the acceptance thereof by the court, are indispensable, and must be made manifest of record. They cannot be supplied by inference, intendment, or presumption." Coleman v. State, supra.

This court has until recently consistently held that the provisions of Article 26.13, Vernon's Ann.C.C.P., are mandatory and the prerequisites therein set out must be complied with as a condition precedent to the validity of a plea of guilty[4] and that

---

1. May v. State, 151 Tex.Cr.R. 534, 209 S.W. 2d 606 (1948).

2. Saunders v. State, 10 Tex.App. 336 (1881).

3. Sanders v. State, 18 Tex.App. 372 (1885).

4. The only variation from the court's consistent holdings, if it can be called a variation, relates to the requirement that it plainly appear that the defendant is sane.

Although some of the earlier cases seemed to indicate that when a plea of guilty is entered in a felony case the law assumes or presumes that the accused is insane or has been improperly influenced, Saunders v. State, 10 Tex.App. 336 (1881); Miller v. State, 58 Tex.Cr.R. 600, 126 S.W. 864 (1910), a plea of guilty does not carry with it a presumption of insanity. Aills v. State, 114 Tex.Cr.R. 345, 24 S.W.2d 1097 (1930); O'Brien v. State, 35 S.W. 666 (Tex.Cr.App. 1896); Burton v. State, 33 Tex.Cr.R. 138, 25 S.W. 782 (1894).

In Zepeda v. State, 109 Tex.Cr.R. 473, 110 Tex.Cr.R. 57, 7 S.W.2d 527 (1928), the complaint on appeal was that the trial court had not given him a hearing on his competency to stand trial at the time of his guilty plea. The judgment recited the court was satisfied the defendant was sane, and the court held that where no issue was made of the same there was no necessity to hear testimony concerning the same. See also Holloway v. State, 148 Tex.Cr.R. 33, 184

S.W.2d 479 (1945); Scott v. State, 29 Tex. App. 217, 15 S.W. 814 (1890); Parrish v. State, 170 Tex.Cr.R. 186, 339 S.W.2d 670 (1960).

In Ring v. State, 450 S.W.2d 85, 88 (Tex. Cr.App.1970), the court noted that the careful practice usually followed was for trial judges to inquire into the accused's present insanity before accepting a plea of guilty or nolo contendere incorporating such inquiry in the record, but following the earlier decisions held that unless an issue is made of the same, the court need not hear evidence or make inquiry. Accord: Kane v. State, 481 S.W.2d 808 (Tex.Cr.App.1972); Williams v. State, 497 S.W.2d 306 (Tex.Cr. App.1973); White v. State, 495 S.W.2d 903 (Tex.Cr.App.1973); Thorn v. State, 491 S. W.2d 425 (Tex.Cr.App.1973) and cases there cited.

A careful reading of these cases and an examination of the facts in each case reveal that in addition to the presumption of sanity, the trial court was able to observe the accused in open court, to hear him speak and to note his demeanor, to engage in a colloquy with him regarding the voluntariness of his plea, and in some instances inquire as to his age, education, background, etc., where no issue is made. The finding of the court as to present sanity subsequently recited in the judgment thus finds support in the record despite the absence of an express inquiry, and this court has refused

such question may be raised at any time. Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971) and cases therein cited. See also Ex parte Harvey, 495 S.W.2d 229 (Tex.Cr.App.1973); Ex parte Robinson, 494 S.W.2d 538 (Tex.Cr.App.1973); Martinez v. State, 494 S.W.2d 545 (Tex.Cr. App.1973).

Where the recitals in the judgment reflect that the mandatory prerequisites of the statute have been complied with and these recitals are supported by the transcription of the court reporter's notes or other portions of the record, clearly no problem is presented. See, i. e., Miller v. State, 58 Tex.Cr.R. 600, 126 S.W. 864 (1910).

Further, it appears that if the recitals in the judgment, substantially in the language of the statute, state its requirements were met, then it is presumptively established

that the statutory duty was performed and the judgment is rendered valid unless the contrary is shown by the record. See and compare McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945 (1960).

The problem over the years has been whether or not the appellate record reflects the contrary despite the judgment's recitals, and the judges of this court prior to the 1965 Code of Criminal Procedure have not always agreed as to what constitutes a showing in the record to the contrary. Williams v. State, 415 S.W.2d 917 (Tex. Cr.App.1967); Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); Braggs v. State, 169 Tex.Cr.R. 405, 334 S. W.2d 793 (1960); Henage v. State, 171 Tex.Cr.R. 541, 352 S.W.2d 122 (1961); Ex parte Miller, 169 Tex.Cr.R. 235, 332 S.W. 2d 720 (1960); Ex parte Muckelroy, 171 Tex.Cr.R. 616, 352 S.W.2d 835 (1962).[5]

to find a violation of Article 26.13, supra, though better practice would indicate an express inquiry. See Duckett v. State, 454 S.W.2d 753 (Tex.Cr.App.1970); Ring v. State, supra; Perez v. State, 478 S.W.2d 551 (Tex.Cr.App.1972).

5. Prior to the 1965 Code of Criminal Procedure, the problem frequently arose as to whether or not the record was sufficient to overcome the recitals in the judgment. In Alexander v. State, supra, the judgment reflected that the admonishment as to the consequences of the plea was given. The charge to the jury also contains a recital that the defendant was properly admonished. In *Alexander* there was no statement of facts. The record did contain a bill of exception, which reflected that the defendant was not properly admonished. There, the court, despite the charge and the judgment, held that the bill of exception showed to the contrary and reversed the case. Subsequently, in Braggs v. State, supra, the court reversed *Braggs* on the grounds that the admonishment given there was similar to the one in *Alexander*, and therefore, was insufficient. The admonishment in *Braggs* was contained in the statement of facts certified by the court reporter and approved by both attorneys. This admonishment was held insufficient and sufficiently shown by the record contrary to the judgment with Judge Woodley dissenting, saying that *Braggs* could be distinguished from *Alexander* by virtue of the fact that there was no bill

of exception. In neither case was there a discussion of just what was necessary in the record to overcome the recital in the judgment.

In McCoy v. State, supra, the judgment recited that the defendant was admonished as to the consequences of his plea, but the statement of facts was silent as to any admonishment. It did not contain an admonishment at all. The conviction was upheld due to the fact that the court reporter's notes stated preceding the evidence that all preliminary matters had been disposed of and proceedings had. It is to be noted that in *McCoy*, Judge Morrison said the proceedings relating to entries of pleas of guilty (admonishment, etc.) are not evidence introduced upon the trial and were not necessarily required to be incorporated in the statement of facts under the statute then in effect. Thus, it was established that where the judgment recites an admonishment and the record is otherwise silent, the judgment is presumed to be correct. In *McCoy*, *Alexander* was distinguished because in *Alexander* there had been a proper bill of exception. There was, however, no discussion of whether a showing has to be by a bill of exception in order to be considered.

In Henage v. State, supra, an admonishment was contained in the statement of facts which was insufficient, but the court there said there was no bill of exception, no requirement that the admonishment be made a part of the record, and no certification that everything the trial judge said in

Ever since the decision in Williams v. State, 415 S.W.2d 917 (Tex.Cr.App.1967), it has been held that a transcription of the court reporter's notes prepared and approved pursuant to Article 40.09, Vernon's Ann.C.C.P.1965, reflecting a failure to admonish an accused of the consequences of his plea shows a non-compliance with Article 26.13, supra, and is sufficient to overcome any recital in the judgment to the contrary. See also Miller v. State, 424 S.W.2d 430 (Tex.Cr.App.1968).

And *generally* where the record shows a failure to comply with that portion of Article 26.13, supra, requiring admonishment as to the consequences of the plea, there has been *no* disagreement among the judges of the court as to the proper disposition of the case. See, i. e., Williams v. State, supra; Miller v. State, supra; Ex parte Humphrey, 456 S.W.2d 118 (Tex.Cr.App.1970); Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971); Crawford v. State, 466 S.W.2d 319 (Tex.Cr.App.1971); Vasquez v. State, 477 S.W.2d 629 (Tex.Cr.App.1972). Cf., however, Valdez v. State, 479 S.W.2d 927 (Tex.Cr.App.1972); Jorden v. State, 500 S.W.2d 117 (Tex.Cr.

App.1973); Cameron v. State, 508 S.W.2d 618 (No. 48,150, Tex.Cr.App. delivered February 27, 1974).

In Ex parte Battenfield, supra, the reversal was called for as a result of the court's failure to admonish the defendant as to the consequences of his plea.

Although not essential to the reversal, the court in its opinion stated:

"In addition to failing to inform the petitioner as to the possible penalties for burglary, the trial court, apparently overlooking the fact that the two pleas were being heard together and at the same time, did not adequately determine that the guilty plea to burglary was 'uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon * * *.' "

The court then concluded that the evidence was sufficient to overcome the recitals in the judgment.

In Rogers v. State, 479 S.W.2d 42 (Tex.Cr.App.1972), the judgment reflected a compliance with Article 26.13, supra, and the transcription of the court reporter's

admonishing was included in the record. The statement of facts, however, was certified by the court reporter as being true and correct and as the statement of facts of all evidence and proceedings adduced on the trial. It was also approved by the attorneys, as well as by the trial judge.

In Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709 (1961), the statement of facts reflects that the indictment was read to the jury and the defendant entered a plea of guilty and was admonished by the court. The admonishment contained therein did not include any mention of penalty. The court reporter certified the transcription as true and correct, the record was examined and found correct and approved by the trial court, as well as by the attorneys for both the State and the defendant. Nevertheless, the court found that the pre-trial motion (a motion to restrict the questioning of a jury panel) signed only by the defendant's attorney was sufficient to show the defendant personally knew the possible penalties involved. The authority cited in support of such proposition was Ex parte Miller, supra, where the defendant had taken the stand

and said that he knew what penalty he was going to get and that he did get that penalty and probation even though he was not admonished as to the maximum possible penalty.

In Ex parte Muckelroy, supra, the statement of facts showed an admonishment which was insufficient. The statement of facts was certified to by the court reporter and approved by the attorneys. The defendant relied upon the absence of a showing in the statement of facts that he was properly admonished. The court in denying relief on habeas corpus cited *Henage* to the effect "there is no certification that all the court said in admonishing the defendant appears in the statement of facts." There, the arraignment contained in the record, the court's charge and the judgment all showed that he was admonished as to the consequences of his act. Judge Morrison dissented on the grounds that this was the same fact situation as *Braggs.*

Therefore, the statement in Williams v. State, supra, is correct that the judges have not always agreed on what is necessary in a record to overcome a recital in the judgment.

notes shows an admonishment as to the consequences of the plea, but such transcription showed "the court did not determine whether any persuasion or delusive hope of pardon prompted appellant to confess his guilt." The court, as presently constituted, observed the omission could not be supplied by inference, intendment or presumption and unanimously reversed citing Ex parte Battenfield, supra; Miller v. State, supra, and Williams v. State, supra.

If a transcription of the court reporter's notes prepared in accordance with Article 40.09, Vernon's Ann.C.C.P., can constitute a showing contrary to the judgment reflecting the admonishment of a defendant as to the consequences of his guilty plea, then it logically follows that it would also be sufficient to reflect a failure to comply with the other mandatory prerequisites of Article 26.13, supra, despite the judgment's recitals of compliance.

If *Rogers* left any doubt about this matter, Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App.1972), another unanimous opinion, should have removed all doubt. There, as in *Rogers,* the transcription of the court reporter's notes reflected "the court did not determine whether any persuasion or delusive hope of pardon prompted appellant to confess his guilt," although Chavez was informed of the proper range of punishment and the judgment reflected full compliance with Article 26.13, supra. In reversing the case, the court, as presently constituted, once again observed the mandatory nature of the statute, the things that must be done as conditions precedent to the validity of a guilty plea, etc., that which must be made manifest of record.

Subsequently in Crocker v. State, 485 S.W.2d 566 (Tex.Cr.App.1972), a unanimous court found there "was not a full admonishment as the court did not determine whether any persuasion or delusive hope of

pardon prompted appellant to confess his guilt" and again observed "this provision of the statute is *mandatory.*" See also Jefferson v. State, 486 S.W.2d 782 (Tex.Cr. App.1972) and cases there cited.

Then along came Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App.1973) and Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App. 1973), in which the court split 3–2 with the majority departing from the consistent interpretation of Article 26.13, supra, and its forerunners and holding, in effect, that the trial court no longer need admonish a defendant in a felony case as to whether his guilty plea was prompted by a "delusive hope of pardon" or any similar inquiry.

In Mitchell the complaint was made on appeal that the trial court had failed to determine if the guilty plea was prompted by "a delusive hope of pardon"[6] or any similar inquiry. The record reflected the trial court inquired if Mitchell was pleading guilty because he was guilty, that no one had threatened or promised him anything to plead guilty and that he had conferred with counsel about his plea. Here, the inquiry "threats and promises" was equated with the requirements of the mandatory statute even though there was no mention of or inquiry as to pardon. In so holding, the majority relied upon Kane v. State, 481 S.W.2d 808 (Tex.Cr.App.1972), where the admonition (which the opinion said was not to be emulated) was held sufficient though not in the exact language of the statute, and upon Valdez v. State, 479 S.W.2d 927 (Tex.Cr.App.1972), where an inaccurate admonishment as to range of punishment was upheld. The underpinnings of Mitchell are thus indeed shaky unless some sort of two wrongs make a right doctrine now prevails.

In Espinosa the same complaint was raised as in Mitchell, and the majority, relying heavily upon Jackson v. State, 488

---

6. Random House Dictionary of the English Language, Unabridged Edition, copyright 1967, 1966, defines "delusive," an adjective, as "1. tending to delude, deceptive 2. of the nature of a delusion, false, unreal: a delusive belief." The same authority defines "delude" as "1. to mislead the mind or judgment of; deceive." Accord: The Reader's Digest Great Encyclopedic Dictionary 1966.

S.W.2d 451 (Tex.Cr.App.1972) and Kane v. State, supra, held that a single question jointly inquiring if Espinosa had been placed in fear, threatened or abused, mistreated or forced to plead guilty or if anyone had promised him anything was a "sufficient compliance with the statute."

These decisions foreshadowed further inroads upon the statute.

In Higginbotham v. State, 497 S.W.2d 299, 301 (Tex.Cr.App.1973), the majority made clear that *Espinosa* and *Mitchell* stood for the proposition the record need not show that the trial court interrogated a defendant in the words of the statute concerning "a delusive hope of pardon." The majority apparently found that portion of the statute expendable and no longer mandatorily required, nor to be given the same weight as the other requirements found in the same sentence of the statute.

In Williams v. State, 497 S.W.2d 306 (Tex.Cr.App.1973), Judge Douglas speaking for the majority distinctly leaves the impression that the statute only requires the trial court to inquire into the voluntariness of the guilty plea and if it does so inquire, the statute is complied with without regard to whether the specific matters set forth in the mandatory statute for determination are mentioned or not.[7] Yet on the same day (July 3, 1973), the majority in Harris v. State, 500 S.W.2d 126 (Tex.Cr. App.1973), speaking through Judge Morrison held that a mere inquiry as to whether the plea was "voluntary" was insufficient, but that "minimal requirements" of Article 26.13, supra, as to consideration of fear or persuasion "must be inquired into and appear of record."[8]

In Heathcock v. State, 494 S.W.2d 570 (Tex.Cr.App.1973), the conviction was re-versed with Judge Morrison stating that there is a compliance with Article 26.13, Vernon's Ann.C.C.P., if the trial court's inquiry, taken as a whole, is sufficient to establish the voluntary nature of the plea. He noted for the majority that in *Mitchell* and *Espinosa* "the essential ingredients requisite for minimal compliance with Article 26.13, V.A.C.C.P., were present."

The opinion observed that in *Heathcock* the court made no inquiry as to "promise" or "persuasion" and stated, "We have concluded that the admonition with this omission fails to meet the requirements of the statute" and this statement was made even though the word "promise" is not to be found in the statute.

In Martinez v. State, 494 S.W.2d 545 (Tex.Cr.App.1973), the court reversed the conviction noting that the trial court did not adequately admonish the defendant as to the consequences of his guilty plea, and Judge Morrison, writing the opinion, then observed that the court further had made no inquiry as to either "force," "fear," "promise" or "persuasion" indicating the language used in *Espinosa* and *Mitchell* is now mandatorily required rather than the statutory requirements. See also Harris v. State, supra.

In Mayse and Ross v. State, 494 S.W.2d 914 (Tex.Cr.App.1973), the majority, speaking through Judge Odom, said that an inquiry as to whether the guilty plea was prompted by any *force* or *coercion* or *promise* made was sufficient citing *Espinosa* and *Mitchell* in support thereof.

In a dissent by Judge Roberts it was observed, "The admonishment in the instant case, even read liberally, inquires of the appellant as follows: was he pleading guilty because of *force* or *promises?*

---

7. See also Williams v. State, 500 S.W.2d 127 (Tex.Cr.App.1973).

8. In Ex parte Harvey, 495 S.W.2d 229 (Tex. Cr.App.1973), Judge Odom, writing for a unanimous court, held that where the only admonishment was as to the range of pun-ishment "and no other admonishment ap-pears," there was not a sufficient compliance with Article 26.13, Vernon's Ann.C.C.P. See also Ex parte Robinson, 494 S.W.2d 538 (Tex.Cr.App.1973); Crocker v. State, 485 S.W.2d 566 (Tex.Cr.App.1972).

There is an absolute void as to an inquiry concerning a plea of guilty based upon any *persuasion, fear,* or *delusive hope of pardon.* Trial judges are now put on notice that they need not comply with Article 26.-13, V.A.C.C.P. So long as any sloppy effort is put forth in accepting a guilty plea, the majority will accept it as 'sufficient compliance'." In such dissent this writer vigorously joined.

It has become clear from these recent cases that the majority has added "force" and "promise" to the statute while eliminating "delusive hope of pardon."

Still further, in Johnson v. State, 500 S. W.2d 115 (Tex.Cr.App.1973), the majority upheld as sufficient the mere inquiry in a single question as to whether the defendant had been "abused or threatened or has anybody done anything to try to make you enter a plea of guilty if you were not guilty."

In a dissent in which this writer joined, Judge Roberts wrote:

"I am constantly amazed at the meaningless verbiage bandied about by trial judges in attempting to accept pleas of guilty. If the applicable statute were unclear or ambiguous, it might be understandable. However, I cannot condone a violation of a statute so clearly stated as Art. 26.13, V.A.C.C.P."

It should be clear from what has been written that since the advent of *Espinosa* and *Mitchell* the law with regard to admonishments in guilty pleas in felony cases is in a state of confusion as a result of the opinions of the majority which are not consistent.

Today, the instant case adds to the confusion confronting the bench and bar. *Espinosa* and *Mitchell* eliminated the requirement that an inquiry be made as to "delusive hope of pardon," but in subsequent cases the majority made clear that an inquiry as to "persuasion" was absolutely essential to the "minimal requirements" of Article 26.13, Vernon's Ann.C.C.P., or for

"minimal compliance" with the statute. See Harris v. State, supra; Heathcock v. State, supra. Now in the instant case, any necessity for inquiry as to "persuasion" is eliminated, making the instant decision not only inconsistent with the mandatory requirements of the statute, but also inconsistent with the earlier holdings of the majority as well as the extremely recent case in Ex parte Scott, 505 S.W.2d 602 (Tex.Cr.App., delivered February, 13, 1974), written for a unanimous court by Judge Douglas, in which post-conviction relief was granted "Because the trial court did not ascertain from the applicant if he entered his plea by reason of fear or persuasion, the conviction must be set aside." One is left to wonder if any inquiry as to "fear" is still required or whether it is also gone with the wind.

The majority, apparently not satisfied with their erosion of Article 26.13, Vernon's Ann.C.C.P., as above described, have now turned their attention to that portion of the statute requiring the trial court to admonish a defendant of the consequences of his plea. In Jorden v. State, 500 S.W. 2d 117 (Tex.Cr.App.1973) and again in the recent case of Cameron v. State, 508 S.W.2d 618 (No. 48,150, Tex.Cr.App., delivered February 25, 1974), the court upheld admonishments in which the court inaccurately informed the defendant of the consequences of his plea. See also Valdez v. State, 479 S.W.2d 927 (Tex.Cr.App. 1972).

Curiously, Judge Odom chose *Cameron* in which to file a separate concurring opinion as to why he aligned himself with the majority in interpreting Article 26.13, supra. He expressed the opinion that the statute is a "two part statute" separated by a semicolon which makes the first part mandatory, but somehow renders the second part more or less discretionary. Such opinion ignores the history of the statute and interpretation given to the statute by this court for over 116 years. The reasoning advanced is reminiscent of the reasoning used in Ex parte Rodriquez, 39 Tex.

705 (1873), the infamous semicolon decision by the Supreme Court of Texas during the reconstruction era which because of such decision became known as the Semicolon Court. See "The Semicolon Court of Texas," George E. Shelley, The Southwestern Historical Quarterly, Vol. XLVIII, No. 4, April, 1945.

And oddly enough Judge Odom chose *Cameron* in which to concur in the result and to express his view, for in *Cameron* the trial court incorrectly admonished the defendant as to the consequences of his plea, and yet it was this portion of the statute which Judge Odom viewed as being the only portion which was mandatory.

In viewing the action of the majority in departing from the interpretation given by this court to the statute in question for over 116 years and considering the reenactments of the statute by the Legislature following such interpretation, the following becomes pertinent.

"The doctrine of stare decisis is peculiarly applicable in matters of statutory construction. The courts will generally adhere to a construction that has been followed by a long line of decisions or that has stood for a long period of time, on the theory that if the holding had not been in accord with the legislative intent the meaning of the statute would have been clarified by amendment, or a different rule would have been enacted.

"When a statute has been construed, especially by a court of final resort, the fact that the legislature permits it to stand through one or more subsequent sessions, without amendment, may be regarded as legislative sanction of that construction. *And, of course, the rule will apply even more forcibly where the statute is reenacted or incorporated in a revision without substantial change.*" 53 Tex.Jur.2d, Statutes, Sec. 127, pp. 189–190 (Emphasis supplied).

This brings to mind that "[T]he intention of the legislature in enacting a law is the law itself, the essence of the law, and the spirit that gives life to the enactment. It is the duty of the courts to give full recognition to the legislative intent." 53 Tex.Jur.2d, Statutes, Sec. 125, p. 180.

Judges of this court should not fashion themselves architects of policy superior to the Legislature, who under our scheme of things determine the rules of criminal procedure.

What has happened is that there are apparently a few District Judges who simply can't or won't admonish according to the statutes. Either to salvage some of these guilty pleas or because the majority has recently decided they have new light on the subject, they have departed from interpretations this court has given the statute, including ones in which they have participated, leaving it unclear and confusing as to just what interpretation is now to be given the statute.

Although this court has never been afraid to bow to lessons of experience and the force of better reasoning, and has a reputation for rejecting a doctrine of disability at self-correction, our judicial responsibility is for the regularity of the law. Respect for tribunals must necessarily fall when the bar and the public come to understand that nothing that has been said in prior adjudication has force in a current controversy.

Chief Justice Marshall in Osborn v. Bank of United States, 9 Wheat. 738, 806, 6 L.Ed. 204, 234 (1824) wrote:

"Judicial power is never exercised for the purpose of giving effect to the will of the judge, always for the purpose of giving effect to the will of the legislature, or in other words, to the will of the law."

For the reasons stated, I dissent.

ROBERTS, Judge (dissenting).

As my many dissents have indicated, I fully share Judge Onion's views on this

subject. The statute is mandatory and should be followed strictly. I regret to see this Court take the position of watering down what the Legislature has seen fit to prescribe as the law of this State.[1] That is not the function of this Court.

I vigorously dissent herein, but in the future will bow to the will of the majority if they do not attempt to further weaken the already loose standards which they, not the Legislature, have laid down.

---

1. These views are also applicable to another problem recently faced by this Court. I refer to those instances where the accused has been refused the right to have the voir dire examination of the jury taken down by the court reporter. That statute, like the one faced here, is mandatory. Jones v. State, 496 S.W.2d 566 (Tex.Cr.App.1973).